# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

Mr. A., an individual,  
WEBB COUNTY DETENTION CENTER  
9998 S. Highway 83  
Laredo, TX 78041  

 Plaintiff,  

vs.  

**U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT,**  
500 12th Street SW  
Washington, DC 20536;  

**RONALD D. VITIELLO**, in his official capacity, Acting Director and Deputy Director, U.S. Immigration and Customs Enforcement,  
500 12th Street SW  
Washington, DC 20536;  

**U.S. DEPARTMENT OF HOMELAND SECURITY**,  
245 Murray Lane SW  
Washington, DC 20528;  

**KIRSTJEN NIELSEN**, in her official capacity, Secretary, U.S. Department of Homeland Security,  
25 Murray Lane SW  
Washington, DC 20528;  

**MATTHEW WHITAKER**, in his official capacity, Acting Attorney General of the United States, U.S. Department of Justice,  
950 Pennsylvania Avenue NW  
Washington, DC 20530,  

 Defendants.

CIVIL ACTION NO. _____

**PLAINTIFF'S MOTION TO PROCEED USING PSEUDONYM**

Plaintiff respectfully requests that this Court permit Plaintiff to proceed in this action using a pseudonym and to prohibit the parties from publicly disclosing his true name.[1] This case is brought to reunite Mr. A. with his daughter, A., and son, C.[2] Mr. A. and his children fled El Salvador to seek asylum in the United States based on gang-related threats and violence that they faced in their home country. After arriving in the United States, Defendants separated Mr. A. from A. and C., and the family has remained separated. Mr. A. is seeking an opportunity to participate meaningfully in the asylum-seeking process.

The basis for this motion is that as an individual attempting to participate in the asylum-seeking process, Mr. A. faces a significant risk of persecution—including possible physical harm or death—if his identity is publicly revealed through this lawsuit. Mr. A. therefore requests that this Court allow him to proceed in this lawsuit using a pseudonym because revealing his identity could subject him and his children to undue danger.

## ARGUMENT

This Court may permit a party "to proceed anonymously" when "the impact of the plaintiff's anonymity" outweighs "the public interest in open proceedings and on fairness to the defendant." *Nat'l Ass'n of Waterfront Emp'rs v. Chao*, 587 F. Supp. 2d 90, 99 (D.D.C. 2008); *see also United States v. Hubbard*, 650 F.2d 293, 317-21 (D.C. Cir. 1980) (setting forth balancing test that considers, *inter alia*, "the strength of the . . . property and privacy interests" involved with the "possibility of prejudice" to those opposing disclosure). For example, pseudonymous litigation is appropriate when a case involves "matters of a highly sensitive and personal nature," and there is

---

[1] For the reasons discussed herein, Plaintiff request leave to file under seal the attached statement of the true name of Plaintiff.

[2] Federal Rule of Civil Procedure 5.2(a)(3) and Local Civil Rule 5.4(f)(2) require the redaction of A. and C.'s names because they are both minors.

**MOTION TO PROCEED USING PSEUDONYM- PAGE 2**

a "real danger of physical harm ... [that] would be incurred as a result of the disclosure of the plaintiff's identity." *Chao*, 587 F. Supp. 2d at 99-100.

In this case, use of a pseudonym is necessary to protect Mr. A. and his children from a significant possibility of injury. As asylum seekers, Mr. A., A., and C. are "particularly vulnerable" to retaliation if their true names are revealed. *Al Otro Lado, Inc. v. Nielsen*, No. 17-2366-BAS, 2017 WL 6541446, at *6 (S.D. Cal. Dec. 20, 2017). As alleged in the complaint, Mr. A., A., and C. have been subject to deadly threats in El Salvador, and public identification of their names would exacerbate these threats, and risk exposing them to a high "risk of retaliatory physical or mental harm." *Chao*, 587 F. Supp. 2d at 99.

Indeed, international and federal laws and regulations alike recognize the importance of safeguarding the privacy and confidentiality of asylum seekers. For example, the United Nations High Commissioner for Refugees has explained that "[t]he right to privacy and its confidentiality requirements are especially important for an asylum-seeker, whose claim inherently supposes a fear of persecution ... and whose situation can be jeopardized if protection of information is not ensured." *UNHCR Advisory Opinion on the Rules of Confidentiality Regarding Asylum Information*, UNHCR ¶ 4 (Mar. 31, 2005), http://www.refworld.org/docid/42b9190e4.htm1.

Similarly, federal asylum regulations protect the confidentiality of asylum applicants. *See* 8 C.F.R. § 208.6. Consequently, courts from across the country-including this Court-have routinely held that use of a pseudonym is warranted where protection of an asylum seeker's identity is necessary to avoid the risk of retaliatory harm. *See, e.g., Al Otro Lado*, 2017 WL 6541446, at *8 (granting motion to proceed pseudonymously where plaintiffs were asylum seekers); Mem. and Order, *M.MM. v. Sessions*, No. 18-1759-BAH (D.D.C. July 27, 2018), ECF No. 2 (same); Mem. and Order, *M.G.U. v. DHS*, No. 1 8-cv-1458-BAH (D.D.C. June 21, 2018), ECF No. 7 (same); *A.B.T v. USCIS*, No. 11-2108, 2012 WL 2995064, at *6 (W.D. Wash. July 20,


2012) (same); Order Grt'g Pet'r-Pl.'s Mot. to File Compl. Using Pseudonym, *Ms. L. v. ICE*, No. 18-428 (S.D. Cal. Mar. 6, 2018), ECF No. 26 (same).

By contrast, the prejudice to Defendants is nil. Because Defendants already know Mr. A.'s true identity, allowing Mr. A. to proceed anonymously would pose little "risk of unfairness to the opposing party." *Chao*, 587 F. Supp. at 99; *see also Al Otro Lado*, 2017 WL 6541446, at *6 (finding no prejudice to government defendants who "know the Individual Plaintiffs' names" and "have the information they need to defend against the claims"). Additionally, any public interest in disclosing the identity of Mr. A. is greatly outweighed by the significant risk of harm that such disclosure would pose to Mr. A., his children, and his family and friends in El Salvador. Moreover, forcing Mr. A. to publicly expose his identity—including to his persecutors—in order to pursue litigation to challenge Defendants' refusal to reunite him with his children "creates an unnecessary risk of chilling the willingness of asylum seekers from litigating important issues like the ones raised in this case." *Al Otro Lado*, 2017 WL 6541446, at *7. Thus, permitting Mr. A. to use a pseudonym "will serve the public's interest in this lawsuit by enabling it to go forward." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1073 (9th Cir. 2000); *see also Horowitz v. Peace Corps*, 428 F.3d 271, 278 (D.C. Cir. 2005) ("If there is no public interest in the disclosure of certain information, something, even a modest privacy interest, outweighs nothing every time." (internal quotation marks and citation omitted)).

## CONCLUSION

Mr. A.'s significant interests in protecting his identity decisively outweigh any government or public interest in disclosure. Accordingly, this Court should allow Mr. A. to file this action using a pseudonym and should prohibit the parties from publicly disclosing his full name.

DATE: January ___, 2019                     Respectfully submitted,

By:_____
Michael Scanlon, D.C. Bar No. 1048644
HAYNES AND BOONE, LLP
800 17th Street NW, Suite 500
Washington, D.C.20006
Telephone: (202) 654-4570
Facsimile: (202) 654-4249
michael.scanlon@haynesboone.com

Paloma Ahmadi*
HAYNES AND BOONE, LLP
112 E. Pecan Street, Suite 1200
San Antonio, TX 78205
Telephone: (210) 978-7427
Facsimile: (210) 554-0409
paloma.ahmadi@haynesboone.com

Wesley D. Lewis*
HAYNES AND BOONE, LLP
600 Congress Avenue, Suite 1300
Austin, Texas 78701
Telephone: (512) 867-8412
Facsimile: (512) 867-8640
wesley.lewis@haynesboone.com

Luis Campos*
John Brent Beckert*
Liz Dankers*
Joanna Pearce*
Nick Nash*
HAYNES AND BOONE, LLP
2323 Victory Avenue, Suite 700
Dallas, Texas 75219
Telephone: (214) 651-5062
Facsimile: (214) 200-0789
luis.campos@haynesboone.com
brent.beckert@haynesboone.com
liz.dankers@haynesboone.com
joanna.pearce@haynesboone.com
nick.nash@haynesboone.com

**MOTION TO PROCEED USING PSEUDONYM- PAGE 5**

Laura Peña*
TEXAS CIVIL RIGHTS PROJECT
1017 W. Hackberry Avenue
Alamo, Texas 78516
Telephone: 956-787-7181

ATTORNEYS FOR PLAINTIFF MR. A.

* *Indigent client certification forthcoming per Local Rule 83.2(g).*