## **EXHIBIT 1**

**(attached)**

*Exhibit 1*



*Exhibit 1*

# **EXHIBIT 2**

**(attached)**

*Exhibit 2*



TEXAS
CIVIL RIGHTS
PROJECT

Laura Peña, Attorney
Texas Civil Rights Project
1017 W. Hackberry Avenue
Alamo, Texas 78516
Cell: 202-297-7808
email: laura@texascivilrigtsproject.org

U.S. Department of Health and Human Services
Administration for Children & Families, South Texas
Jose Gonzalez via email at jose.Gonzalez@acf.hhs.gov
Elsie Belvue via email at elsie.Bellevue@acf.hhs.gov

U.S. Customs and Border Protection
U.S. Department of Homeland Security
Lloyd Easterling via email at lloyd.m.easterling@cpb.dhs.gov
Teresa Brooks via email at teresa.m.brooks@cbp.dhs.gov

U.S. Attorney for the Southern District of Texas
McAllen, Texas via email at usatxs.atty@usdoj.gov

November 5, 2018

    The Texas Civil Rights Project (TCRP) continues to screen adult migrant defendants being charged under 8 U.S.C. ss 1325 and 1326 to identify and monitor family separations occurring as a result of the U.S. Department of Justice's "zero tolerance" policy. In that capacity, TCRP intends to send case specific communications when a parent seeks family reunification with a minor child or children following the completion of criminal proceedings.

    On November 5, 2018, TCRP interviewed ███████████████████████ ███████ who seeks immediate reunification with his minor son and daughter following the completion of his federal criminal sentence. TCRP respectfully requests that the government immediately prioritize review of this request for family reunification.

        Adult Name: ████████████████████
        COB: El Salvador
        A No: ████████
        Docket No: ██████████

        Minor Name: ████████████████████
        COB: El Salvador
        DOB: ███████

        Minor Name: ██████████████████
        COB: El Salvador
        DOB: ███████

    We respectfully request the appropriate U.S. agencies and DHS components investigate this matter to ensure compliance with the Executive Order which requires agencies to "maintain custody of alien families during the pendency of any criminal improper entry or immigration proceedings involving their members," absent a risk to the child's welfare. *See* Executive Order, Affording Congress an Opportunity to Address Family Separation § 13(a-b), 2018 WL 3046068 (June

*Exhibit 2*



Laura Peña, Attorney
Texas Civil Rights Project
1017 W. Hackberry Avenue
Alamo, Texas 78516
Cell: 202-297-7808
email: laura@texascivilrigtsproject.org

20, 2018).   Moreover, a federal injunction prohibits the U.S. government from separating parents from their children, "absent a determination that the parent is unfit or presents a danger to their child," and further requires the government to reunite parents with their children "when the parent is returned to immigration custody after their criminal proceedings conclude."   *See* Ms. L *v.* *Immigration & Customs Enf't* ("ICE"), No. 18CV0428 DMS (MDD), 2018 WL 3129486, at *1 (S.D. Cal. June 26, 2018).

Additional information regarding the details of the family separation may be provided via telephone or in-person meeting. Please do not hesitate to reach out to us with any questions or concerns. We stand ready to assist with immediate reunification.

Respectfully,

Laura Peña
Attorney
Texas Civil Rights Project

*Exhibit 2*

**<u>EXHIBIT 3</u>**

**(attached)**

*Exhibit 3*

### DECLARATION OF LAURA PEÑA

My name is Laura Peña. I am over 18 years of age, of sound mind, and capable of making this certification. The following facts are within my personal knowledge.

1. I am a licensed attorney (Texas State Bar No. 24085758) with the Texas Civil Rights Project, a non-profit civil rights organization based in Texas. I have been practicing immigration law for five years, and am a former ICE trial attorney who practiced in Los Angeles and San Diego.

2. Since early May, the Texas Civil Rights project has been committed to assisting families who have been separated by DHS due to the "zero tolerance" enforcement of immigration laws. In that capacity, the Texas Civil Rights Project is representing ███████ ████████ as a legal advocate contesting the unlawful family separation that occurred after the family entered the United States.

3. In that effort, on or about November 5, 2018, the Texas Civil Rights Project interviewed ████ prior to his criminal prosecution hearing for illegal entry as part of our screenings for unlawful family separations. During the interview, ██████ stated that he had been separated from his ██████████████████████████████████████. He said he was afraid that his children would not be at the border patrol detention facility when he returned after the criminal hearing.

4. On November 5, the Texas Civil Rights Project notified DHS and ORR about the unlawful family separation. *See* enclosed notification letter. To date, DHS has refused to respond to the letter. However, ORR has cooperated in assisting to find the location of the children who are in a government shelter in Driscoll, Texas.

5. On November 15, I met with ██████ at the Webb County Detention Center where he is being detained by Immigration and Customs Enforcement. During that meeting, ██████ shared additional details regarding the separation. He indicated that the border patrol agent who processed his fingerprints accused him of being a member of the MS-13 gang. ██████ explained to the agent that he never had been a member of a gang, never had been arrested, or convicted of any crime. He showed the agent his body which was free of tattoos. He also presented a notice from the government of El Salvador stating he has no criminal history.

6. During the November 15 meeting, ██████ was visibly upset. He told me he was very depressed about being separated from his children, and at that point he had not spoken with them and did not know of their whereabouts. He was having difficulty sleeping and eating.

7. The Texas Civil Rights Project has conducted our own investigation into the question of gang affiliation. We have confirmed that the government of El Salvador produced a document indicating he has no criminal history. We have a photo of ██████ at the beach

*Exhibit 3*

showing he has no tattoos. We have a letter from an employer indicating that he is of good moral character. It is our organization's belief that the DHS systems flagged a different individual by the name of ████████████, and that the separation is due to a mistaken error in identification.

8. I met with ████ again on December 14, 2018 at the Webb County Detention Center. During that meeting, he stated that he had been able to speak with his children on three occasions since the separation nearly six weeks ago. He stated that his daughter cries a lot, and they are very difficult phone calls. He stated that he continues to feel very upset by the separation, and finds it difficult to focus on anything else. ████ cried frequently during our meeting, and exhibited signs of exhaustion and depression.

9. During the meeting, I inquired why ████ did not have his immigration attorney present during his credible fear interview. He stated that during his first interview, he told the officer he wanted his attorney present. That officer told him that he was going to schedule a second interview with his attorney present. The officer told him there was only one additional opportunity for an interview to have the attorney present.

10. Upon the commencement of the second asylum interview, ████ was of the belief that the officer had scheduled the interview with his attorney. When he realized that the officer had not contacted his attorney, he proceeded with the interview because he believed it was his last opportunity to have the interview.

11. The harm that has been inflicted on this family is severe, traumatic, and ongoing. It has impacted ████ ability to clearly focus on his asylum claim. The harm in these situations rises to the level of vacating a negative credible fear finding. In at least one prior family separation case, Immigration Judge Onyewuch vacated the asylum officer's negative credible fear finding because "meaningful review [was] not possible" given the circumstances of the family separation. *See* attached excerpt of the order.

12. It is my legal opinion that this family separation is a violation of the Executive Order prohibiting family separations during pendency of immigration proceedings. It is also a violation of the federal injunction in *Ms. L vs. ICE*, and our organization is working with the ACLU lawyers to raise this case with the government. We are also preparing an advisory to Judge Sabraw in the *Ms. L vs. ICE* litigation to advise the court of the lack of transparency in questionable family separation cases.

13. To date, DHS has not responded to the Texas Civil Rights Project request for information regarding the reason for the family separation. Nor has the agency provided this information to his immigration attorney of record, Ms. Sepulveda.

This certification is made pursuant to 28 USC § 1746. I certify under penalty of perjury that the foregoing is true and correct.

*Exhibit 3*

Executed in Brownsville, Texas, this 15th day of December, 2018.

Laura Peña

*Exhibit 3*

**<u>EXHIBIT 4</u>**

**(attached)**

*Exhibit 4*

# Law Office of Norma Sepulveda, PLLC
*"Keeping Families Together"*



**December 22, 2018**

Re:     Request for Reconsideration   ███████████████████████

Dear Asylum Officer:

███████████████████████████████████████, **through undersigned counsel, respectfully requests reconsideration of his negative credible fear finding based on Grace v Whitaker.**

███████████████████████ took his credible fear interview on November 27, 2018, and received a negative decision on November 30, 2018, based on a decision issued by AG Sessions in *Matter of A-B-* and resulting guidance, which effectively categorically denied domestic violence and gang-related claims.

On December 19, 2018, in *Grace v. Whitaker*, Judge Emmet Sullivan struck down the policy that put in place a categorical ban on domestic violence and gang-related claims as being contrary to the Immigration and Nationality Act, the Refugee Act, and the Administrative Procedure Act. As part of the injunction, the court ordered the government to bring plaintiffs who were wrongfully removed under this policy back to the United States so that they can pursue their asylum claims. Also, each plaintiff will receive a new credible fear interview. The court found key aspects of Sessions' decision in Matter of A-B-,and related policy guidance with respect to expedited removal proceedings, unlawful. (GRACE V WHITAKER ORDER ATTACHED HERE).

Accordingly, based on this injunction, █████ requests a re-interview with an Asylum Officer in accordance with Judge Sullivan's order.

Sincerely,

Norma Sepulveda, Esq.
**Attorney at Law**

Enclosed: (1) G28,Notice of Entry of Appearance as Attorney or Accredited Representative ,
         (2) Grace v Whitaker - Order, Copy

*Exhibit 4*

# Notice of Entry of Appearance as Attorney or Accredited Representative

SCANNED

DHS Form G-28
OMB No. 1615-0105
Expires 05/31/2021

Department of Homeland Security

## Part 1. Information About Attorney or Accredited Representative

1. USCIS Online Account Number (if any) ►

### *Name of Attorney or Accredited Representative*

2.a. Family Name (Last Name): Sepulveda

2.b. Given Name (First Name): Norma

2.c. Middle Name:

### *Address of Attorney or Accredited Representative*

3.a. Street Number and Name: PO Box 533517

3.b. ☐ Apt. ☐ Ste. ☐ Flr.

3.c. City or Town: Harlingen

3.d. State: TX 3.e. ZIP Code (USPS ZIP Code Lookup): 78553

3.f. Province:

3.g. Postal Code:

3.h. Country: USA

### *Contact Information of Attorney or Accredited Representative*

4. Daytime Telephone Number: 9562304888

5. Mobile Telephone Number (if any): 9562304739

6. Email Address (if any): nsepulveda@abogadanorma.com

7. Fax Number (if any): 9562304739

## Part 2. Eligibility Information for Attorney or Accredited Representative

Select **all applicable** items.

1.a. ☒ I am an attorney eligible to practice law in, and a member in good standing of, the bar of the highest courts of the following states, possessions, territories, commonwealths, or the District of Columbia. If you need extra space to complete this section, use the space provided in **Part 6. Additional Information.**

Licensing Authority: Supreme Court of Texas

1.b. Bar Number (if applicable): 24072556

1.c. I (select **only one** box) ☒ am not ☐ am subject to any order suspending, enjoining, restraining, disbarring, or otherwise restricting me in the practice of law. If you are subject to any orders, use the space provided in **Part 6. Additional Information** to provide an explanation.

1.d. Name of Law Firm or Organization (if applicable): Law Office of Norma Sepulveda

2.a. ☐ I am an accredited representative of the following qualified nonprofit religious, charitable, social service, or similar organization established in the United States and recognized by the Department of Justice in accordance with 8 CFR part 1292.

2.b. Name of Recognized Organization:

2.c. Date of Accreditation (mm/dd/yyyy):

3. ☐ I am associated with ____________, the attorney or accredited representative of record who previously filed Form G-28 in this case, and my appearance as an attorney or accredited representative for a limited purpose is at his or her request.

4.a. ☐ I am a law student or law graduate working under the direct supervision of the attorney or accredited representative of record on this form in accordance with the requirements in 8 CFR 292.1(a)(2).

4.b. Name of Law Student or Law Graduate:

***Exhibit 4***

## Part 3. Notice of Appearance as Attorney or Accredited Representative

If you need extra space to complete this section, use the space provided in **Part 6. Additional Information.**

This appearance relates to immigration matters before (select **only one** box):

**1.a.** ☐ U.S. Citizenship and Immigration Services (USCIS)

**1.b.** List the form numbers or specific matter in which appearance is entered.

| |
|---|

**2.a.** ☒ U.S. Immigration and Customs Enforcement (ICE)

**2.b.** List the specific matter in which appearance is entered.

| Detained Matters |
|---|

**3.a.** ☐ U.S. Customs and Border Protection (CBP)

**3.b.** List the specific matter in which appearance is entered.

| |
|---|

**4.** Receipt Number (if any)

▶ | | | | | | | | | | | | |

**5.** I enter my appearance as an attorney or accredited representative at the request of the (select **only one** box):

☐ Applicant   ☐ Petitioner   ☐ Requestor
☐ Beneficiary/Derivative   ☐ Respondent (ICE, CBP)

## Information About Client (Applicant, Petitioner, Requestor, Beneficiary or Derivative, Respondent, or Authorized Signatory for an Entity)

**6.a.** Family Name (Last Name) ▮▮▮▮▮▮▮

**6.b.** Given Name ▮▮▮▮▮▮▮

**6.c.** Middle Name ▮▮▮▮▮▮▮

**7.a.** Name of Entity (if applicable)

| |
|---|

**7.b.** Title of Authorized Signatory for Entity (if applicable)

| |
|---|

**8.** Client's USCIS Online Account Number (if any)

▶ | | | | | | | | | | | |

**9.** Client's Alien Registration Number (A-Number) (if any)

▶ ▮▮▮▮▮▮▮

## Client's Contact Information

**10.** Daytime Telephone Number

| |
|---|

**11.** Mobile Telephone Number (if any)

| |
|---|

**12.** Email Address (if any)

| |
|---|

## Mailing Address of Client

NOTE:  Provide the client's mailing address.  **Do not** provide the business mailing address of the attorney or accredited representative **unless** it serves as the safe mailing address on the application or petition being filed with this Form G-28.

**13.a.** Street Number and Name   Webb County Detention

**13.b.** ☐ Apt. ☐ Ste. ☐ Flr.   Center

**13.c.** City or Town   F    le   Laredo

**13.d.** State   TX   **13.e.** ZIP Code   78580

**13.f.** Province

| |
|---|

**13.g.** Postal Code

| |
|---|

**13.h.** Country

| USA |
|---|

## Part 4.  Client's Consent to Representation and Signature

### Consent to Representation and Release of Information

I have requested the representation of and consented to being represented by the attorney or accredited representative named in **Part 1.** of this form. According to the Privacy Act of 1974 and U.S. Department of Homeland Security (DHS) policy, I also consent to the disclosure to the named attorney or accredited representative of any records pertaining to me that appear in any system of records of USCIS, ICE, or CBP.

*Exhibit 4*

## Part 4.  Client's Consent to Representation and Signature (continued)

### Options Regarding Receipt of USCIS Notices and Documents

USCIS will send notices to both a represented party (the client) and his, her, or its attorney or accredited representative either through mail or electronic delivery.  USCIS will send all secure identity documents and Travel Documents to the client's U.S. mailing address.

If you want to have notices and/or secure identity documents sent to your attorney or accredited representative of record rather than to you, please select **all applicable** items below.  You may change these elections through written notice to USCIS.

**1.a.** ☐  I request that USCIS send original notices on an application or petition to the business address of my attorney or accredited representative as listed in this form.

**1.b.** ☐  I request that USCIS send any secure identity document (Permanent Resident Card, Employment Authorization Document, or Travel Document) that I receive to the U.S. business address of my attorney or accredited representative (or to a designated military or diplomatic address in a foreign country (if permitted)).

**NOTE:**  If your notice contains Form I-94, Arrival-Departure Record, USCIS will send the notice to the U.S. business address of your attorney or accredited representative.  If you would rather have your Form I-94 sent directly to you, select **Item Number 1.c.**

**1.c.** ☐  I request that USCIS send my notice containing Form I-94 to me at my U.S. mailing address.

### Signature of Client or Authorized Signatory for an Entity

**2.a.**  Signature of Client or Authorized Signatory for an Entity

**2.b.**  Date of Signature (mm/dd/yyyy)    4/13/18

## Part 5.  Signature of Attorney or Accredited Representative

I have read and understand the regulations and conditions contained in 8 CFR 103.2 and 292 governing appearances and representation before DHS.  I declare under penalty of perjury under the laws of the United States that the information I have provided on this form is true and correct.

**1.a.**  Signature of Attorney or Accredited Representative

**1.b.**  Date of Signature (mm/dd/yyyy)    11/15/18

**2.a.**  Signature of Law Student or Law Graduate

**2.b.**  Date of Signature (mm/dd/yyyy)

*Exhibit 4*

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| GRACE, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| MATTHEW G. WHITAKER, Acting | ) |
| Attorney General of the United | ) No. 1:18-cv-01853 (EGS) |
| States, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

### ORDER

The Court has considered the parties' cross-motions for summary judgment, the memoranda and exhibits in support thereof, and the briefs in opposition thereto; plaintiffs' motion to consider extra-record evidence, defendants' motion to strike plaintiffs' extra-record evidence, and the memoranda in support or in opposition thereto; oral argument; and the entire record in this action.

Accordingly, and consistent with the accompanying Memorandum Opinion, the Court hereby **GRANTS IN PART** and **DENIES IN PART** plaintiffs' cross-motion for summary judgment, and **GRANTS IN PART** and **DENIES IN PART** defendants' motion for summary judgment.

This Court hereby:

1. **DECLARES** that the following credible fear policies contained in *Matter of A-B-*, 27 I. & N. Dec. 316 (A.G.

*Exhibit 4*

2018), the USCIS Policy Memorandum, Guidance for Processing Reasonable Fear, Credible Fear, Asylum, and Refugee Claims in Accordance with Matter of A-B-, July 11, 2018 (PM-602-0162) (hereinafter "Policy Memorandum"), and/or the Asylum Division Interim Guidance – Matter of A-B-, 27 I. & N. Dec. 316 (A.G. 2018) ("Interim Guidance"), and challenged by plaintiffs, are arbitrary, capricious, and in violation of the immigration laws insofar as those policies are applied in credible fear proceedings:

    a. The general rule against credible fear claims relating to domestic and gang violence. *See Matter of A-B-*, 27 I. & N. Dec. at 320 & n.1; Policy Memorandum, ECF No. 100 at 9, 12-13.

    b. The requirement that a noncitizen whose credible fear claim involves non-governmental persecutors "show the government condoned the private actions or at least demonstrated a complete helplessness to protect the victim." *Matter of A-B-*, 27 I. & N. at 337; Policy Memorandum, ECF No. 100 at 5, 9, 13; Interim Guidance.

    c. The Policy Memorandum's rule that domestic violence-based particular social group definitions that include "inability to leave" a relationship are impermissibly circular and therefore not cognizable in credible fear proceedings. Policy Memorandum, ECF No. 100 at 8.

    d. The Policy Memorandum's requirement that, during the credible fear stage, individuals claiming credible fear must delineate or identify any particular social group in order to satisfy credible fear based on the particular social group protected ground. Policy Memorandum, ECF No. 100 at 6, 12.

    e. The Policy Memorandum's directive that asylum officers conducting credible fear interviews should apply federal circuit court case law only "to the extent that those cases are not inconsistent with *Matter of A-B-*." Policy Memorandum, ECF No. 100 at 11.

    f. The Policy Memorandum's directive that asylum officers conducting credible fear interviews should

*Exhibit 4*

apply only the case law of "the circuit where the alien is physically located during the credible fear interview."  Policy Memorandum, ECF No. 100 at 11-12.

2. **VACATES** each of the credible fear policies specified in paragraphs 1.a. through 1.f. above. Accordingly, the Court **PERMANENTLY ENJOINS** defendants and their agents from applying these policies with respect to credible fear determinations, credible fear interviews, or credible fear review hearings issued or conducted by asylum officers or immigration judges. Defendants shall provide written guidance or instructions to all asylum officers and immigration judges whose duties include issuing or conducting credible fear determinations, credible fear interviews, or credible fear review hearings, communicating that each of the credible fear policies specified in paragraphs 1.a. through 1.f. are vacated and enjoined and therefore shall not be applied to any such credible fear proceedings.

3. **VACATES** the negative credible fear determinations and any expedited removal orders issued to each plaintiff.

4. **PERMANENTLY ENJOINS** defendants from removing any plaintiffs currently in the United States without first providing each of them a new credible fear process consistent with the Court's Memorandum Opinion and free from the unlawful policies enumerated in paragraphs 1.a. through 1.f. above or, in the alternative, full immigration court removal proceedings pursuant to 8 U.S.C. § 1229a. To ensure compliance with this injunction, any new credible fear process provided pursuant to this paragraph shall be accompanied by a written record consistent with 8 U.S.C. § 1225(b)(1)(B)(iii).

5. **FURTHER ORDERS** defendants to bring back into the United States, at no expense to plaintiffs, any plaintiff who has been removed pursuant to an expedited removal order prior to this Order and parole them into the United States, and provide each of them a new credible fear process consistent with the Court's Memorandum Opinion and free from the unlawful policies enumerated in paragraphs 1.a. through 1.f. above or, in the alternative, full immigration court removal proceedings

*Exhibit 4*

pursuant to 8 U.S.C. § 1229a.  To facilitate such
plaintiffs' return to the United States, defendants shall
meet and confer with plaintiffs' counsel within 7 days to
develop a schedule and plan to carry out this portion of
the injunction. To ensure compliance with this
injunction, any new credible fear process provided
pursuant to this paragraph shall be accompanied by a
written record consistent with 8 U.S.C. §
1225(b)(1)(B)(iii). Defendants shall work in good faith
to carry out the relief ordered in this paragraph and
shall communicate periodically with plaintiffs' counsel
until the relief ordered in this paragraph is completed.

6. **FURTHER ORDERS** defendants to provide the plaintiffs,
within 10 days of this Order, with a status report
detailing any steps defendants have taken to comply with
this injunction, including copies of all guidance and
instructions sent to asylum officers and immigration
judges pursuant to paragraph 2 above. Within 30 days and
60 days of this Order, defendants shall provide
plaintiffs with a status report detailing any subsequent
steps taken to comply with this injunction in the time
period since the last report, including copies of all
guidance and instructions sent to asylum officers and
immigration judges pursuant to paragraph 2 above during
that time frame.

The Court **GRANTS** plaintiffs' cross-motion for summary

judgment as to their Administrative Procedure Act,

Immigration and Nationality Act, and Refugee Act challenges

concerning each of the policies enumerated in paragraphs

1.a. through 1.f. above, and defendants' motion for summary

judgment is **DENIED** as to these same claims. The Court

**DENIES** plaintiffs' cross-motion for summary judgment as to

their challenges concerning nexus and discretion, and

defendants' motion for summary judgment is **GRANTED** as to

these same claims.

*Exhibit 4*

Furthermore, consistent with the accompanying
Memorandum Opinion, the Court **GRANTS** plaintiffs' motion to
consider extra record evidence with respect to evidence
relevant to plaintiffs' contentions that the government
deviated from prior policies, as well as evidence relevant
to plaintiffs' request for injunctive relief. Accordingly,
the following evidence submitted by plaintiffs is admitted
into the record, and defendants' motion to strike is **DENIED**
with respect to this same evidence: Decl. of Sarah Mujahid
("Mujahid Decl."), ECF No. 10-3, Exs. E-J; Second Decl. of
Sarah Mujahid ("Second Mujahid Decl."), ECF No. 64-4, Exs.
1-3; ECF Nos. 12-1 to 12-9 (filed under seal); Mujahid
Decl., ECF No. 10-3, Exs. K-Q; Second Mujahid Decl., ECF
No. 64-4, Exs. 10-13; Joint Decl. of Shannon Drysdale
Walsh, Cecilia Menjivar, and Harry Vanden ("Honduras
Decl."), ECF No. 64-6; Joint Decl. of Cecilia Menjivar,
Gabriela Torres, and Harry Vanden ("Guatemala Decl."), ECF
No. 64-7; Joint Decl. of Cecilia Menjivar and Harry Vanden
("El Salvador Decl."), ECF No. 64-8.

Because the Court has declined to consider plaintiffs'
due process claim, the Court **GRANTS** defendants' motion to
strike with respect to evidence relating to plaintiffs' due
process claim. Accordingly, the Court will not consider the
following documents relating to plaintiffs' due process

*Exhibit 4*

claim: Second Mujahid Decl., ECF No. 64-4, Exs. 4-7, 8-9, 14-17, and ECF No. 64-5; and Mujahid Decl., ECF No. 10-3, Exs. R-T. Plaintiffs' motion to consider extra-record evidence as to these same documents is **DENIED** without prejudice.

The Court also **GRANTS** defendants' motion to strike with respect to the Decl. of Rebecca Jamil and Decl. of Ethan Nasr, and plaintiffs' evidence motion is **DENIED** as to these same documents.

**SO ORDERED.**

**Signed:    Emmet G. Sullivan**
**            United States District**
**            December 19, 2018**

*Exhibit 4*

## **EXHIBIT 5**

**(attached)**

*Exhibit 5*

YO
cambio.

MINISTERIO DE JUSTICIA Y SEGURIDAD PUBLICA SALVADOR
DIRECCION GENERAL DE CENTROS PENALES

Usuario: BSMR
Fecha: 18/10/2018 10.12.29

VALOR: $3.00
(TRES DOLARES)

Antecedente No. ███████████          Recibo No. ████████████

El Infrascrito Encargado de la Sucursal de Antecedentes Penales en Registro de Armas, Dirección General de Centros Penales Certifica:

Que el(a), señor(a)(rita) ███████████████████ ,

portador de su Documento de Identificación ████████████

de ████ años de edad, estado familiar Casado(a) de

oficio Empleado. (a) , originario de San Salvador

Departamento de San Salvador del domicilio de ██████████

Departamento de San Salvador ; hijo(a) de ██████████

y de ████████████ quien solicita certificación

de antecedentes penales para trámites EMPLEO ,

según el Registro que esta Dirección lleva, NO TIENE Antecedentes Penales por Sentencia Condenatoria Ejecutoriada en su contra por imputársele un delito.

Y, a solicitud de ████████████████ , se

extiende la presente en San Salvador, a los _____ diecinueve _____ días del mes

de _____ Octubre _____ del año dos mil ____ dieciocho ____ .

LIC. ROLANDO ANTONIO RODRIGUEZ TORRES
ENCARGADO INTERINO DE SUCURSAL REGISTRO
DE ARMAS

CUALQUIER ALTERACION ANULA EL PRESENTE DOCUMENTO

*Exhibit 5*



## Trustforte Language Services

[Logo: I CHANGE] **MINISTRY OF JUSTICE AND PUBLIC SAFETY**                              EL SALVADOR [illegible]
**GENERAL DIRECTORATE OF CRIMINAL CENTERS**

User: BSMR
Date: 10/18/2018 10:12:29 AM                                                   COST: $3.00
(THREE DOLLARS)

Record No. █████                                                               Receipt No. █████

**The Undersigned Head of the Criminal Records Branch of the Weapons Registry, General Directorate of Criminal Centers, Certifies:**

That Mr. ███████████████ ,

holder of ID No. ███████ ,

██ years old, civil status: married,

employed, native of San Salvador,

Department of San Salvador, domiciled in ████████ ,

Department of San Salvador, the son of ████████

and of ████████████ , who requests a certificate of criminal record for EMPLOYMENT purposes,

according to the register kept by this Directorate, he DOES NOT have a criminal record indicating conviction on any

charge of having committed a crime.

And, at the request of ████████████████ , this document is issued in San Salvador, on the

nineteenth day of October, two thousand eighteen.

[Signature]                              [Illegible seal]

**LIC. ROLANDO ANTONIO RODRIGUEZ TORRES**
**INTERIM HEAD OF THE WEAPONS REGISTRY DIVISION**

VOID IF AMENDED IN ANY WAY

I, Mathieu Przybylski, certified to translate from Spanish to English, hereby certify that I am competent to translate the attached criminal record certificate from Spanish to English and have translated it fully and accurately. I have translated it on 1/2/2019. I can be reached at 271 Madison Avenue, New York, NY 10016 or by email at mprzybylski@trustfortelanguages.com.

[Signature]

271 Madison Avenue ● Third Floor ● New York, New York 10016
Telephone: (212) 481-4980 ● Facsimile: (212) 481-4971 (4972)
www.trustfortelanguages.com ● e-mail: info@trustfortelanguages.com

*Exhibit 5*

# **EXHIBIT 6**

**(attached)**

*Exhibit 6*



DISEÑO, S.A. DE C.V.    TEL.: 2271-0218
17ª Av. Norte # 324     FAX: 2221-0178
San Salvador
E-MAIL:                 info@diseno.com.sv

**A QUIEN INTERESE:**

POR ESTE MEDIO HACEMOS CONSTAR QUE EL ██ ████████████████ TRABAJÓ PARA ESTA EMPRESA DESDE EL 1 DE ENERO DE 2005 HASTA EL 15 DE OCTUBRE DE 2018, TIEMPO DURANTE EL CUAL OCUPÓ EL CARGO DE VENDEDEDOR DE MOSTRADOR Y POSTERIORMENTE ENCARGADO DE BODEGA, CARGOS QUE DESEMPEÑO CON MUCHA EFICIENCIA.

DURANTE EL TIEMPO QUE EL ████████████████ LABORÓ CON NOSOTROS, SIEMPRE DEMOSTRÓ RESPONSABILIDAD EN SUS  OBLIGACIONES, HONESTIDAD, HONRADEZ, BUENA CONDUCTA, RESPETO A SUS JEFES Y COMPAÑEROS; POR LO QUE PODEMOS AFIRMAR QUE ES UNA PERSONA DE NUESTRA CONFIANZA.

Y PARA LOS USOS QUE ESTIME CONVENIENTES, LE EXTENDEMOS LA CONSTANCIA EN SAN SALVADOR, EL DIA 12 DE NOVIEMBRE DE 2018.

ATENTAMENTE, POR DISEÑO, S.A. DE C.V.

LIC. CLAUDIA MARIA RODRIGUEZ
     CONTADOR GENERAL
     DISEÑO, S.A. DE C.V.

*Exhibit 6*

 Trustforte Language Services

|  | DISENO, S.A. DE C.V. | TEL: 2271-0218 |
|---|---|---|
|  | 17ᴬ Av. Norte # 324 | FAX: 2221-0178 |
|  | San Salvador |  |
| [Logo: Diseno] | Email: | info@diseno.com.sv |

**TO WHOM IT MAY CONCERN,**

IT IS HEREBY CERTIFIED THAT ███████████████████████ WORKED FOR THIS COMPANY FROM JANUARY 1, 2005 TO OCTOBER 15, 2018 AS A COUNTER SALESMAN AND THEN AS A WAREHOUSE MANAGER, AND THAT HE PERFORMED WITH GREAT EFFICIENCY.

DURING HIS TIME WITH OUR COMPANY, ██ ████ ███████ ALWAYS DEMONSTRATED RESPONSIBILITY WHEN PERFORMING HIS DUTIES, HONESTY, INTEGRITY AND GOOD BEHAVIOR TOWARDS HIS SUPERVISORS AND CO-WORKERS. THEREFORE, WE CAN CONFIRM THAT HE IS A TRUSTWORTHY PERSON.

THIS CERTIFICATE IS ISSUED FOR ALL INTENTS AND PURPOSES IN SAN SALVADOR ON THE 12ᵀᴴ DAY OF NOVEMBER, 2018.

SINCERELY, ON BEHALF OF DISENO, S.A. DE C.V.

[Signature]
LIC. CLAUDIA MARIA RODRIGUEZ
   GENERAL ACCOUNTANT
   **DISENO, S.A. DE C.V.**

---

I, Mathieu Przybylski, certified to translate from Spanish to English, hereby certify that I am competent to translate the attached employment certificate from Spanish to English and have translated it fully and accurately. I have translated it on 1/2/2019. I can be reached at 271 Madison Avenue, New York, NY 10016 or by email at mprzybylski@trustfortelanguages.com.

M. Przybylski

271 Madison Avenue ● Third Floor ● New York, New York 10016
Telephone: (212) 481-4980 ● Facsimile: (212) 481-4971 (4972)
www.trustfortelanguages.com ● e-mail: info@trustfortelanguages.com

*Exhibit 6*

**<u>EXHIBIT 7</u>**

**(attached)**

*Exhibit 7*

| U.S. Department of Homeland Security<br>U.S. Citizenship and Immigration Services | **Record of Negative Credible Fear Finding<br>and Request For Review by Immigration Judge** |
|---|---|

Alien File Number: ████ ██

**1.     To be explained to the alien by the asylum officer:**

U.S. Citizenship and Immigration Services (USCIS) has determined that you do not have a credible fear of persecution or torture pursuant to 8 CFR 208.30 for the following reason(s):

A. ☒    You have not established a credible fear of persecution in your country of nationality, country of last habitual residence, or a country to which you have been ordered removed because:

    ☐ You have not indicated that you were harmed in the past and you have not expressed fear of future harm.

    ☒ There is no significant possibility that you could establish in a full hearing that the harm you experienced and/or the harm you fear is on account of your race, religion, nationality, political opinion, or membership in a particular social group.

    ☐ There is no significant possibility that you were harmed in the past, and there is no significant possibility that you could establish in a full hearing that the harm you fear is well founded.

    ☐ There is no significant possibility that you could establish in a full hearing that the harm you experienced or fear was/is sufficiently serious to amount to persecution.

    ☐ There is no significant possibility that you could establish in a full hearing that the entity that harmed you or would harm you was/is an agent of the government or an entity the government was/is unable or unwilling to control.

    **AND**

    ☒ You have not established a credible fear of torture in a country to which you have been ordered removed because you have not established that there is a significant possibility that:

    ☐ You would suffer severe physical or mental pain or suffering.

    ☐ The harm you fear would be specifically intended to inflict severe physical or mental pain or suffering.

    ☒ The harm you fear would be inflicted by or at the instigation of, or with the consent or acquiescence of, a public official or other person acting in an official capacity.

    ☐ The harm you fear would be inflicted while you are in the custody or physical control of the offender.

    ☐ The harm you fear would not arise only from, would not be inherent in, and would not be incidental to, lawful sanctions.

B. ☐    Considering the totality of the circumstances and all relevant factors, you have not established that your testimony is credible.

Therefore, you are ordered removed from the United States. You may request that an Immigration Judge review this decision.

If you request that an Immigration Judge review this decision, you will remain in detention until an Immigration Judge reviews your case. That review could occur as long as 7 days after you receive this decision.

If you do not request that an Immigration Judge review the decision, you may be removed from the United States immediately.

**2.     To be completed by the alien:**

☒ **Yes, I request Immigration Judge review** of the decision that I do not have a credible fear of persecution or torture.

☐ **No, I do not request Immigration Judge review** of the decision that I do not have a credible fear of persecution or torture.

| ████ | ████ | ████ |
|---|---|---|
| Applicant's Last Name/ Family Name (Print) | Applicant's First Name (Print) | |
| Lewis | Phoenicia | NOV 3 0 2018 |
| Asylum Officer's Last Name (Print) | Asylum Officer's First Name (Print) | Date |

The contents of this form were read and explained to the applicant in the   Spanish   language.

Interpreter used:

By telephone (list interpreter service /ID number used)   US /205861 ( )

In person (I, _____, certify that I am fluent in both the _____ and English languages. I interpreted the above information completely and accurately to the alien.)

| _____ | _____ |
|---|---|
| Interpreter's Signature | Date |

Form I-869 (02 15 17)

*Exhibit 7*

| U. S. Department of Homeland Security | **Notice of Referral to Immigration Judge** | | |
|---|---|---|---|

| | | Date | NOV 3 0 2018 | |
|---|---|---|---|---|
| | | A-File | ███████ | |
| Name ███████████████ | | Country of Citizenship | El Salvador | |
| Place and Manner of Arrival | Unknown Location: Entered Without Inspection | Date of Arrival | 11/02/2018 | |

**To immigration judge:**

☒ 1. The above-named alien has been found inadmissible to the United States and ordered removed under section 235(b)(1) of the Immigration and Nationality Act (Act). A copy of the removal order is attached. The alien has requested asylum or protection under the Convention against Torture. An asylum officer has reviewed the matter and concluded that the alien does not have a credible fear of persecution or torture. The alien has requested a review of that determination in accordance with section 235(b)(1)(B)(iii)(III) of the Act and 8 CFR § 208.30(g).

☐ 2. The above-named alien arrived in the United States as a stowaway and has been ordered removed under section 235(a)(2) of the Act. The alien has requested asylum or withholding of removal under the Convention against Torture. An asylum officer has reviewed the matter and concluded that the alien does not have a credible fear of persecution or torture. The alien has requested a review of that determination in accordance with section 235(b)(1)(B)(iii)(III) of the Act.

☐ 3. The above-named alien arrived in the United States in the manner described below and has requested asylum or withholding of removal under the Convention against Torture. The matter is referred for a determination in accordance with 8 CFR § 208.2(c).
   Arrival category (check one):
   ☐ Crewmember/applicant   ☐ Crewmember/refused   ☐ Crewmember/landed
   ☐ Crewmember/violator   ☐ VWP/applicant   ☐ VWP/violator
   ☐ 235(c) order   ☐ S-visa nonimmigrant   ☐ Stowaway: credible fear determination attached

☐ 4. The above-named alien has been ordered removed by an immigration officer under section 235(b)(1) of the Act. A copy of the removal order is attached. In accordance with section 235(b)(1)(C) of the Act, the matter is referred for review of that order. The above-named alien claims to be (check one):
   ☐ a United States citizen   ☐ a lawful permanent resident alien
   ☐ an alien granted refugee status under section 207 of the Act   ☐ an alien granted asylum under section 208 of the Act

☐ 5. The above-named alien has been ordered removed under section 238(b) of the Act, or the Department of Homeland Security (DHS) has reinstated a prior exclusion, deportation, or removal order of the above-named alien under section 241(a)(5) of the Act. A copy of the removal order and, if applicable, the notice of reinstatement, are attached. The alien has expressed fear of persecution or torture. An asylum officer has reviewed the claim and concluded that the alien does not have a reasonable fear of persecution or torture. The alien has requested a review of that determination in accordance with 8 CFR §§ 208.31(f) and (g).

☐ 6. The above-named alien has been ordered removed under section 238(b) of the Act, or the DHS has reinstated a prior exclusion, deportation, or removal order of the above-named alien under section 241(a)(5) of the Act. A copy of the removal order and, if applicable, the notice of reinstatement, are attached. The alien has expressed fear of persecution or torture. An asylum officer has reviewed the claim and concluded that the alien has a reasonable fear of persecution or torture. The matter has been referred for a determination in accordance with 8 CFR § 208.31(c).

☐ 7. The Secretary of Homeland Security has determined that the release from custody of the above-named alien who is under a final order of removal would pose a special danger to the public according to the standards set in 8 CFR § 241.14(f)(1). The DHS has therefore invoked procedures to continue the alien's detention even though there is no significant likelihood that the alien will be removed from the United States in the reasonably foreseeable future. The matter is referred to the immigration judge for a review of this determination in accordance with 8 CFR § 241.14(g).

Form I-863 (Rev 08/01/07)

*Exhibit 7*

U. S. Department of Homeland Security          **Notice of Referral to Immigration Judge**

## NOTICE TO APPLICANT

You are ordered to report for a hearing before an immigration judge for the reasons stated above.  Your hearing is scheduled on

| To Be Determined | at | To Be Determined |
|---|---|---|
| (Date) | | (Time) |

You are to appear at     San Antonio EOIR, 800 Dolorosa Street, Suite 300, San Antonio, TX 78207
                                        (Complete office address)

☒ You may be represented in this proceeding, at no expense to the government, by an attorney or other individual authorized and qualified to represent persons before an Immigration Court. If you wish to be so represented, your attorney or representative should appear with you at this hearing. In the event of your release from custody, you must immediately report any change of your address to the Immigration Court on Form EOIR-33, which is provided with this notice. If you fail to appear for a scheduled hearing, a decision may be rendered in your absence.

☒ You may consult with a person or persons of your own choosing prior to your appearance in Immigration Court. Such consultation is at no expense to the government and may not unreasonably delay the process.

☒ Attached is a list of recognized organizations and attorneys that provide free legal service.

                                            _____ Burns    Supervising Asylum Officer
                                            (Signature and title of Immigration officer)

## CERTIFICATE OF SERVICE

☒ The contents of this notice were read and explained to the applicant in the          Spanish          language.

☒ The original of this notice was delivered to the above-named applicant by the undersigned on  NOV 3 0 2018  and the alien has been advised of communication privileges under 8 CFR § 236.1(e). Delivery was made:

    ☒ in person  ☐ by certified mail, return receipt #  _____  requested  ☐ regular mail

                                            _____    Willie Jones
                                            (Signature and title of Immigration officer)    Immigration Analyst

Attachments to copy presented to immigration judge:

| | | | |
|---|---|---|---|
| ☐ | Passport | ☒ | Form I-860 |
| ☐ | Visa | ☒ | Form I-869 |
| ☐ | Form I-94 | ☐ | Form I-898 |
| ☐ | Forensic document analysis | ☐ | Asylum Officer's reasonable fear determination worksheet (I-899) |
| ☐ | Fingerprints and photographs | ☒ | Asylum officer's credible fear determination worksheet (I-870) |
| ☐ | EOIR-33 | | |

☐ FOR 8 CFR 241.14(f) CASES ONLY: Written statement including summary of the basis for the Secretary's determination to continue the alien in detention and description of the evidence relied on in finding the alien specially dangerous (with supporting documents attached).

☐ FOR 8 CFR 241.14(f) CASES ONLY: Written notice advising the alien of initiation of proceedings and informing alien of procedures governing the Reasonable Cause Hearing at 8 CFR 241.14(h)

☒ Other (specify)     Officer's Notes

Page 2 of 2

Form I-863 (Rev. 08-01-07)

*Exhibit 7*

*Exhibit 7*

U.S. Department of Homeland Security

## Notice and Order of Expedited Removal

### DETERMINATION OF INADMISSIBILITY   Event No: MCS1911C000084

File No: ▆▆▆▆▆▆

Date: November 04, 2018

In the Matter of: ▆▆▆▆▆▆▆▆▆▆▆▆▆▆

Pursuant to section 235(b)(1) of the Immigration and Nationality Act (Act), (8 U.S.C. 1225(b)(1)), the Department of Homeland Security has determined that you are inadmissible to the United States under section(s) 212(a) ☐ (6)(C)(i): ☐ (6)(C)(ii): ☒ (7)(A)(i)(I): ☐ (7)(A)(i)(II): ☐ (7)(B)(i)(I): and/or ☐ (7)(B)(i)(II) of the Act, as amended, and therefore are subject to removal, in that:

1.  You are not a citizen or national of the United States;
2.  You are a native of EL SALVADOR and a citizen of EL SALVADOR ;
3.  You are an immigrant not in possession of a valid unexpired immigrant visa, reentry permit, border crossing card, or other valid entry document required by the Immigration and Nationality Act;

RAUL R. RAMIREZ
BORDER PATROL AGENT
Name and title of immigration officer (Print)                         Signature of immigration officer

### ORDER OF REMOVAL
### UNDER SECTION 235(b)(1) OF THE ACT

Based upon the determination set forth above and evidence presented during inspection or examination pursuant to section 235 of the Act, and by the authority contained in section 235(b)(1) of the Act, you are found to be inadmissible as charged and ordered removed from the United States.

Name and title of immigration officer (Print)                         Signature of immigration officer

Name and title of supervisor (Print)                         Signature of supervisor, if available

☐ Check here if supervisory concurrence was obtained by telephone or other means (no supervisor on duty).

#### CERTIFICATE OF SERVICE

I personally served the original of this notice upon the above-named person on _____
                                                                                    (Date)

Signature of immigration officer

Form I-860 (Rev. 08/01/07)

*Exhibit 7*

U.S. Department of Justice
Executive Office for Immigration Review
*Immigration Court*

OMB# 1125-0004

# Alien's Change of Address Form/ Immigration Court

If you move or change your phone number, the law requires you to file this Change of Address Form with the Immigration Court. You must file this form within five (5) working days of a change in your address or phone number. You will only receive notification as to the time, date, and place of hearing or other official correspondence at the address which you provide. Changes in address or telephone numbers communicated through any means except this form, e.g., pleadings, motion papers, correspondence, telephone calls, applications for relief, etc. will not be recognized and the address information and record will remain unchanged.

---

Failure to appear at any hearing before an Immigration Judge, when notice of that hearing or other official correspondence was served on you or sent to the address you provided, may result in one or more of the following actions:

• If you are not already detained, you may be taken into custody by the Department of Homeland Security (DHS) and held for further action; and

| If you are in *removal* proceedings: | If you are in *deportation* proceedings: | If you are in *exclusion* proceedings: |
|---|---|---|
| Your hearing may be held in your absence under Section 240 of the Immigration and Nationality Act (INA), and an order of removal may be entered against you. Furthermore, you may become ineligible for the following forms of relief from removal for a period of 10 years after the date of the entry of the final order:<br>1. Voluntary Departure as provided for in Section 240B of the INA;<br>2. Cancellation of Removal as provided for in Section 240A of the INA;<br>3. Adjustment of Status or Change of Status as provided for in Section(s) 245, 248, or 249 of the INA. | Your hearing may be held in your absence under Section 242B of the Immigration and Nationality Act (INA) (1995), and an order of deportation may be entered against you. Furthermore, you may become ineligible for the following forms of relief from deportation for a period of 5 years after the date of the entry of the final order:<br>1. Voluntary Departure as provided for in Section 242B(e) of the INA (1995);<br>2. Suspension of Deportation or Voluntary Departure as provided for in Section 244 of the INA (1995);<br>3. Adjustment of Status or Change of Status as provided for in Section(s) 245, 248, or 249 of the INA (1995). | Your application for admission to the United States may be considered withdrawn, and your hearing may be held in your absence and an order of exclusion and deportation entered against you. |

---

Name: _____    Alien Number: A _____

| My **OLD** address was: | My **NEW** address is: |
|---|---|
| _____<br>("In care of" other person, if any) | _____<br>("In care of" other person, if any) |
| _____<br>(Number, Street, Apartment) | _____<br>(Number, Street, Apartment) |
| _____<br>(City, State and ZIP Code) | _____<br>(City, State and ZIP Code) |
| _____<br>(Country, if other than U.S.) | _____<br>(Country, if other than U.S.) |
| | _____<br>(New Telephone Number) |

**✍ SIGN HERE ➡** X _____
Signature _____ Date

## PROOF OF SERVICE (You Must Complete This)

I _____ mailed or delivered a copy of this Change of Address Form on
(Name)

_____ to the Office of the Chief Counsel for the DHS (U.S. Immigration and Customs Enforcement-ICE) at
(Date)

_____
(Number and Street, City, State, Zip Code)

**✍ SIGN HERE ➡** X _____
Signature

Form EOIR - 33/IC
Revised July 2015

*Exhibit 7*

## MAILING INSTRUCTIONS

1) *Copy the completed form and mail or deliver it to the Office of the Chief Counsel DHS-ICE at the address you*
   *inserted in the PROOF OF SERVICE. The PROOF OF SERVICE certifies that you provided a copy of the form to DHS.*
2) *Fold the page at the dotted lines marked "Fold Here" so that the address is visible.*
   *(IMPORTANT: Make sure the address section is visible after folds are made.)*
3) *Secure the folded form by stapling along the open end marked "Fasten Here."*
4) *Place appropriate postage stamp in the area marked "Place Stamp Here."*
5) *Write in your return address in the area marked "PUT YOUR ADDRESS HERE."*
6) *Mail the original form to the Immigration Court whose address is printed below.*

---

Under the Paperwork Reduction Act, a person is not required to respond to a collection of information unless it displays a valid OMB control number. We try to create forms and instructions that are accurate, can be easily understood, and which impose the least possible burden on you to provide us with information. The estimated average time to complete this form is five (5) minutes. If you have comments regarding the accuracy of this estimate, or suggestions for making this form simpler, you can write to the Executive Office for Immigration Review, Office of the General Counsel, 5107 Leesburg Pike, Suite 2600, Falls Church, Virginia 22041.

---

**Fold Here**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

### PUT YOUR ADDRESS HERE

_____

_____

_____

_____

| | Place Stamp Here |

**U.S. Department of Justice**
*Immigration Court*
*800 Dolorosa Street*
*Suite 300*
*San Antonio, TX 78207*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**Fold Here**

---

**Privacy Act Notice**
The information on this form is required by 8 U.S.C. § 1229(a)(1)(F)(ii) and 8 C.F.R § 1003.15(d)(2) in order to notify the Immigration Court of any change of address and any change of telephone number. The information you provide is mandatory. Failure to provide the requested information limits the notification you will receive and may result in the adverse consequences noted above. EOIR may share this information with others in accordance with approved routine uses described in EOIR's system of records notice EOIR-001, Record Index and Management Information System and EOIR-003.

**Fasten Here**

Form EOIR - 33/IC
Revised July 2015

---

*Exhibit 7*

\* Non Profit Organization
\*\* Referral Service
\*\*\* Private Attorney

# List of Pro Bono Legal Service Providers

Updated October 2018

http://www.justice.gov/eoir/list-pro-bono-legal-service-providers

## San Antonio Immigration Court

| San Antonio, Texas | |
|---|---|
| **American Gateways\*** <br><br> One Highland Center <br> 314 Highland Mall Blvd., Ste. 501 <br> Austin, TX 78752 <br> Tel: (512) 478-0546 <br> www.americangateways.org <br><br> • Detention facility speed dial code: 1550 | **RAICES\*** <br> Refugee and Immigrant Center for Education and Legal Services <br><br> 1305 N. Flores <br> San Antonio, TX 78212 <br> Tel: (210) 226-7722 <br> Fax: (210) 212-4856 <br> www.raicestexas.org <br><br> • Will represent aliens in asylum cases <br> • Detention facility speed dial code: 1554 |
| **Catholic Charities Archdiocese of San Antonio, Inc.\*** <br><br> 202 W French Place <br> San Antonio, TX 78212 <br> (210) 433-3256 <br><br> • Only represents clients in San Antonio Immigration Court <br> • Detention facility speed dial code: 1553 | **St. Mary's Immigration and Human Rights Clinic\*** <br><br> 2507 NW 36th St <br> San Antonio, TX 78228 <br> Tel: (210) 431-2596 <br> Fax: (210) 431-5700 <br><br> • Detention facility speed dial code: 1555 |
| **Immigration Clinic of the University of Texas School of Law\*** <br><br> 727 East Dean Keeton Street <br> Austin, TX 78705-3299 <br> (512) 232-1292 <br><br> • Will represent aliens in Asylum cases <br> • Clinic is closed from May 1st until September 1st <br> • Detention facility speed dial code: 1551 | **Texas RioGrande Legal Aid, Inc.\*** <br><br> 1111 N. Main Ave <br> San Antonio, TX 78212 <br> Tel: (210) 212-3700 <br> Tel: (888) 988-9996  (toll-free) <br> Fax: (210) 212-3774 <br><br> • Detention facility speed dial code: 5697 |

**Disclaimer:** As required by 8 C.F.R. § 1003.61, the Executive Office for Immigration Review (EOIR), Office of the Director, Office of Legal Access Programs maintains a list of organizations and attorneys qualified under the regulations who provide pro bono or free legal services. The information posted on this list is provided to EOIR by the Providers. EOIR does not endorse any of these organizations or attorneys. Additionally, EOIR does not participate in, nor is it responsible for, the representation decisions or performance of these organizations or attorneys.

*Exhibit 7*

U.S. Department of Homeland Security
U.S. Citizenship and Immigration Services

## Record of Determination/Credible Fear Worksheet

| SNA | ZHN | | |
|-----|-----|-----|-----|
| District Office Code | Asylum Office Code | Alien's File Number | Alien's Last/ Family Name |
| Lewis | Phoenicia | El Salvador | |
| Asylum Officer's Last Name | Asylum Officer's First Name | Alien's Nationality | |

### *All statements in italics must be read to the applicant*

**SECTION I:**                            **INTERVIEW PREPARATION**

| | | | |
|---|---|---|---|
| 1.1 | 11/02/2018 | 1.2 | At an unknown location |
| | Date of arrival [MM/DD/YY] | | Port of arrival |
| 1.3 | 11/2/2018 | 1.4 | Webb County Detention Facility, 9998 S Highway 83, Laredo, TX 78041 |
| | Date of detention [MM/DD/YY] | | Place of detention |
| 1.5 | 11/4/2018 | 1.6 | |
| | Date of AO orientation [MM/DD/YY] | | If orientation more than one week from date of detention, explain delay |
| 1.7 | 11/27/2018 | 1.8 | Laredo, TX |
| | Date of interview [MM/DD/YY] | | Interview site |

1.9  ☒ Applicant received and signed Form M-444 and relevant *pro bono* list on ____11/4/2018____
                                                                                            Date signed [MM/DD/YY]

1.10  Does applicant have consultant(s)?          ☒ Yes   ☐ No
    1.11   If yes, consultant(s) name, address, telephone number and relationship to applicant
           Norma Sepulveda;        ; unknown ; attorney/consultant

1.12  Persons present at the interview (check which apply)
    1.13   ☐ Consultant(s)
    1.14   ☒ Other(s). list:          Interpreter (Telephonic)
    1.15   ☐ No one other than applicant and asylum officer

1.16  Language used by applicant in interview:        Spanish

| | | | | | |
|---|---|---|---|---|---|
| 1.17 | Language Line# 210861 Telephonic | ☒ Yes   ☐ No | | 0810 | 0926 |
| | Interpreter Service, Interpreter ID Number. | Interpreter Has Forms | | Time Started | Time Ended |
| 1.18 | | ☐ Yes   ☐ No | | | |
| | Interpreter Service, Interpreter ID Number. | Interpreter Has Forms | | Time Started | Time Ended |
| 1.19 | | ☐ Yes   ☐ No | | | |
| | Interpreter Service, Interpreter ID Number. | Interpreter Has Forms | | Time Started | Time Ended |

1.20  ☒ Interpreter was not changed during the interview
1.21  ☐ Interpreter was changed during the interview for the following reason(s):
    1.22  ☐ Applicant requested a female interpreter replace a male interpreter, or *vice versa*
    1.23  ☐ Applicant found interpreter was not competent   1.24  ☐ Applicant found interpreter was not neutral
    1.25  ☐ Officer found interpreter was not competent     1.26  ☐ Officer found interpreter was not neutral
    1.27  ☐ Bad telephone connection

1.28  ☒ Asylum officer read the following paragraph to the applicant at the beginning of the interview:

*The purpose of this interview is to determine whether you may be eligible for asylum or protection from removal to a country where you fear persecution or torture. I am going to ask you questions about why you fear returning to your country or any other country you may be removed to. It is very important that you tell the truth during the interview and that you respond to all of my questions. This may be your only opportunity to give such information. Please feel comfortable telling me why you fear harm. U.S. law has strict rules to prevent the disclosure of what you tell me today about the reasons why you fear harm. The information you tell me about the reasons for your fear will not be disclosed to your government, except in exceptional circumstances. The statements you make today may be used in deciding your claim and in any future immigration proceedings. It is important that we understand each other. If at any time I make a statement you do not understand, please stop me and tell me you do not understand so that I can explain it to you. If at any time you tell me something I do not understand, I will ask you to explain.*

Form I-870 (Rev 11/21/03) N Page 1

---

*Exhibit 7*

| Alien's File Number: | ███ ███ |
|---|---|

## SECTION II:        BIOGRAPHIC INFORMATION

2.1 ████████
Last Name/ Family Name [ALL CAPS]

2.2 ██████      2.3 ██████
First Name                      Middle Name

2.4 ██████      2.5 Male
Date of birth [MM/DD/YY]             Gender

2.6 None
Other names and dates of birth used

2.7 El Salvador      2.8 El Salvador
Country of birth                  Country (countries) of citizenship (list all)

2.9 ██████
Address before coming to the U.S. (List Address, City/Town, Province, State, Department, and Country).

2.10 _____ 2.11 _____ 2.12 Spanish
Applicant's race or ethnicity    Applicant's religion      All languages spoken by applicant

2.13 Marital status: ☐ Single ☒ Married ☐ Legally separated ☐ Divorced ☐ Widowed

2.14 Did spouse arrive with applicant?    ☐ Yes ☒ No

2.15 Is spouse included in applicant's claim?    ☐ Yes ☒ No

2.16 If currently married (including common-law marriage) list spouse's name, citizenship, and present location (If with applicant, provide A-Number):
████████

2.17 Children: ☐ Yes ☒ No

2.18 List any children (*Use the continuation section to list any additional children*):

| Date of birth (MM/DD/YY) | Name | Citizenship | Present location (If w/ PA, list A-Numbers) | Did child arrive with PA? | | Is child included in PA's claim? | |
|---|---|---|---|---|---|---|---|
| | | | | Yes | No | Yes | No |
| ██████ | ██████ | El Salvador | ██████ | ☐ Yes | ☒ No | ☐ Yes | ☒ No |
| ██████ | ██████ | El Salvador | ██████ | ☐ Yes | ☒ No | ☐ Yes | ☒ No |
| | | | | ☐ Yes | ☐ No | ☐ Yes | ☐ No |
| | | | | ☐ Yes | ☐ No | ☐ Yes | ☐ No |
| | | | | ☐ Yes | ☐ No | ☐ Yes | ☐ No |

*Exhibit 7*

| Alien's File Number: | ▓▓▓▓ |
|---|---|

2.19 Does applicant claim to have a medical condition (physical or mental), or has the officer observed any indication that a medical condition exists? If YES, answer questions 2.20 and 2.21 and explain below.   ☐ Yes  ☒ No

2.20 Has applicant notified the facility of medical condition?   ☐ Yes  ☐ No

2.21 Does applicant claim that the medical condition relates to torture?   ☐ Yes  ☐ No

2.22 Does the applicant have a relative, sponsor, or other community ties, including spouse or child already listed above?   ☒ Yes  ☐ No

2.23 If YES, provide information on relative or sponsor (use continuation section, if necessary):

Name ▓▓▓▓                                          Relationship ▓▓▓▓

Address ▓▓▓▓                                        Telephone Number

☒ Citizen   ☐ Legal Permanent Resident   ☐ Other _____

## SECTION III:                    CREDIBLE-FEAR INTERVIEW

The following notes are not a verbatim transcript of this interview. These notes are recorded to assist the asylum officer in making a credible-fear determination and the supervisory asylum officer in reviewing the determination. There may be areas of the individual's claim that were not explored or documented for purposes of this threshold screening.

The asylum officer must elicit sufficient information related to both credible fear of persecution and credible fear of torture to determine whether the applicant meets the threshold screening. Even if the asylum officer determines in the course of the interview that the applicant has a credible fear of persecution, the asylum officer must still elicit any additional information relevant to a fear of torture. Asylum officers are to ask the following questions and may use the continuation sheet if additional space is required. If the applicant replies YES to any question, the asylum officer must ask follow-up questions to elicit sufficient details about the claim to make a credible-fear determination.

3.1 a. *Have you or any member of your family ever been mistreated or threatened by anyone in any country to which you may be returned?*

☒ Yes   ☐ No

See Q&A

b. *Do you have any reason to fear harm from anyone in any country to which you may be returned?*

☒ Yes   ☐ No

See Q&A

c. *If YES to questions a or b: Was it or is it because of any of the following reasons? (Check each of the following boxes that apply.)*

☐ Race   ☐ Religion   ☐ Nationality   ☐ Membership in a particular social group   ☐ Political Opinion

See Q&A

Form I-870 (Rev. 11/21/03) N Page 3

*Exhibit 7*

**Alien's File Number:** � ████

3.2 ☒ At the conclusion of the interview, the asylum officer must read the following to applicant:

*If the Department of Homeland Security determines you have a credible fear of persecution or torture, your case will be referred to an immigration court, where you will be allowed to seek asylum or withholding of removal based on fear of persecution or withholding of removal under the Convention Against Torture. The Field Office Director in charge of this detention facility will also consider whether you may be released from detention while you are preparing for your hearing. If the asylum officer determines that you do not have a credible fear of persecution or torture, you may ask an immigration judge to review the decision. If you are found not to have a credible fear of persecution or torture and you do not request review, you may be removed from the United States as soon as travel arrangements can be made. Do you have any questions?*
See Q&A

3.3 ☒ At the conclusion of the interview, the asylum officer must read a summary of the claim, consisting of the responses to Questions 3.1 a-c and information recorded in the Additional Information/Continuation section, to applicant.

****Typed Question and Answer (Q&A) interview notes and a summary and analysis of the claim must be attached to this form for all negative credible-fear decisions. These Q&A notes must reflect that the applicant was asked to explain any inconsistencies or lack of detail on material issues and that the applicant was given every opportunity to establish a credible fear.

## SECTION IV:                      CREDIBLE FEAR FINDINGS

### A.   Credible Fear Determination:

Credibility

4.1 ☒ ~~There is a significant possibility that the assertions underlying the applicant's claim could be found credible in a full asylum or withholding of removal hearing.~~ Applicant found credible.

4.2 ☐ Applicant found not credible. ~~because (check boxes 4.3-4.5, which apply):~~
 4.3 ☐ ~~Testimony was internally inconsistent on material issues.~~
 4.4 ☐ ~~Testimony lacked sufficient detail on material issues.~~
 4.5 ☐ ~~Testimony was not consistent with country conditions on material issues.~~

Nexus

4.6 ☐ Race   4.7 ☐ Religion   4.8 ☐ Nationality   4.9 ☐ Membership in a Particular Social Group

(Define the social group): _____

4.10 ☐ Political Opinion   4.11 ☐ Coercive Family Planning [CFP]   4.12 ☒ No Nexus

Credible Fear Finding

4.13 ☐ Credible fear of persecution established.
 OR
4.14 ☐ Credible fear of torture established.
 OR
4.15 ☒ Credible fear of persecution NOT established and there is not a significant possibility that the applicant could establish eligibility for withholding of removal or deferral of removal under the Convention against Torture.

### B.   Possible Bars:

4.16 ☐ Applicant could be subject to a bar(s) to asylum or withholding of removal (check the box(es) that applies and explain on the continuation sheet):
 4.17 ☐ Particularly Serious Crime   4.18 ☐ Security Risk   4.19 ☐ Aggravated Felon
 4.20 ☐ Persecutor   4.21 ☐ Terrorist   4.22 ☐ Firmly Resettled
 4.23 ☐ Serious Non-Political Crime Outside the United States
4.24 ☒ Applicant does not appear to be subject to a bar(s) to asylum or withholding of removal.

### C.   Identity:

Form I-870 (Rev. 11/21/03) N Page 4

*Exhibit 7*

| Alien's File Number: | ███████ |
|---|---|

4.25 ☒ Applicant's identity was determined with a reasonable degree of certainty (check the box(es) that applies):

    4.26 ☒ Applicant's own credible statements. (If testimony is credible overall, this will suffice to establish the applicant's identity with a reasonable degree of certainty.)

    4.27 ☐ Passport, which appears to be authentic.

    4.28 ☐ Other evidence presented by applicant or in applicant's file (List): _____

4.29 ☐ Applicant's identity was not determined with a reasonable degree of certainty. (Explain on the continuation sheet.)

**SECTION V:**      **ASYLUM OFFICER / SUPERVISOR NAMES AND SIGNATURES**

5.1    Phoenicia Lewis, ZOL 10P      5.2    _[signature]_      5.3    11/27/2018
     Asylum officer name and ID CODE (print)      Asylum officer's signature      Decision date

5.4    Kevin N. Burns      5.5    _[signature]_      5.6    11/28/2018
     Supervisory asylum officer name      Supervisor's signature      Date supervisor approved decision

### ADDITIONAL INFORMATION/CONTINUATION

| See Q&A |
|---|
| |
| |
| |
| |
| |
| |
| |
| |
| |
| |
| |
| |
| |
| |
| |

*Exhibit 7*

Alien Number: ▪▪▪▪
Name: ▪▪▪▪
Country: El Salvador
Asylum Office: ZHN

Date: November 27, 2018
Asylum Officer: P. Lewis, ZOL 10P
Interpreter Service- Language Line : # 210861
Start: 0810 CST          Stop: 0926 CST

## CREDIBLE-FEAR INTERVIEW
### Questions & Answers

NOTE: THE FOLLOWING NOTES ARE NOT A VERBATIM TRANSCRIPT OF THIS INTERVIEW. THESE NOTES ARE RECORDED TO ASSIST THE INDIVIDUAL OFFICER IN MAKING A CREDIBLE FEAR DETERMINATION AND THE SUPERVISORY ASYLUM OFFICER IN REVIEWING THE DETERMINATION. THERE MAY BE AREAS OF THE INDIVIDUAL'S CLAIM THAT WERE NOT EXPLORED OR DOCUMENTED FOR PURPOSES OF THIS THRESHOLD SCREENING.

Location of Applicant and Interview (annotate if different): Webb
Was Attorney Present During Interview? Yes ☐   No ☒

| INTERVIEW INITIATED: 0810 CST |
|---|

Introduction: Hello. My name is Officer Lewis and I will be conducting your interview today through an interpreter, who has been placed under oath to completely and truthfully interpret what we say to one another. Everything you say is confidential and our interpreter will keep everything confidential as well. We are having this interview today because you have expressed a fear of returning to your country at some point after you were detained, and today we will discuss what those fears may be.

☒ ADMINISTERED INTERPRETER OATH

| Officer | Interpreter |
|---|---|
| Do you affirm that you will truthfully, literally interpret the questions asked by the asylum officer and the answers given by the applicant; that you will not add to, delete from, comment on, or otherwise change the matter to be interpreted; and that you will immediately notify the officer if you become aware of your inability to interpret in a neutral manner on account of a bias against the applicant or the applicant's race, religion, nationality, membership in a particular social group, or political opinion? | Yes |
| Do you affirm that you understand that the matters discussed during this interview are confidential? | Yes |

| Officer | Interviewee |
|---|---|
| What is your best language of understanding? | Spanish |
| Do you have an attorney or an accredited representative at this time? | Yes |
| [Attorney] Do you have the name and phone number of your attorney? | Norma Sepulveda. I do not remember the phone number, I left it in my room |
| [If no Attorney] Because I do not have her number I cannot guess which is her. Are you willing to proceed without an attorney today? | No let's do it now |
| Do you still fear return to your country? | Yes |

☒ ADMINISTERED APPLICANT OATH

Before we begin, I need to place you under oath to promise to tell the truth. Please raise your right hand.

| Officer | Interviewee |
|---|---|
| Do you swear or affirm that the testimony you are about to give will be the truth, the whole truth, and nothing but the truth? | I swear |

*Credible-Fear Interview*                                                     Page 1 of 7

*Exhibit 7*

Alien Number: ████████████
Name: ████████████
Country: El Salvador
Asylum Office: ZHN

Date: November 27, 2018
Asylum Officer: P. Lewis, ZOL 10P
Interpreter Service- Language Line : # 210861
Start: 0810 CST          Stop: 0926 CST

Thank you, you may put your hand down.

## Medical Issues

| Officer | Interviewee |
|---|---|
| Do you have any medical or health issues that I should be aware of? | No |
| Are you on any medications? | No |
| Is there anything may affect the way that you testify today? | No |

☒ Applicant received and signed M-444 before interview (advisals)

| Officer | Interviewee |
|---|---|
| Records indicate you last entered the United States on November 2 near Hildago, TX is that correct? | Yes |
| Was this the first time you entered the U.S.? | Yes |
| [Signed M-444] I have a document you signed (or refused to sign) about this process on Nov 4 | No, they did not tell me anything |
| I am going to ask the interprete to read you some information about the process you are now going through [Interpreter reads M444] | Ok, I understand |
| Do you have any questions about that information? | No everything is clear |

**Now I'm going to ask the interpreter to read something to you that further explains the purpose of this interview.**

☒ Interpreter read Section 1.28 (Form I-870) to applicant
**Interpreter, please read Paragraph 1.28 to the Applicant.**
**PARAGRAPH 1.28, FORM I-870, READ TO APPLICANT:** The purpose of this interview is to determine whether you may be eligible for asylum or protection from removal to a country where you fear persecution or torture. I am going to ask you questions about why you fear returning to your country or any other country you may be removed to. It is very important that you tell the truth during the interview and that you respond to all of my questions. This may be your only opportunity to give such information. Please feel comfortable telling me why you fear harm. US law has strict rules to prevent the disclosure of what you tell me today about the reasons why you fear harm. The information you tell me about the reasons for your fear will not be disclosed to your government, except in exceptional circumstances. The statements you make today may be used in deciding your claim and in any future immigration proceedings. It is important that we understand each other. If at any time I make a statement you do not understand, please stop me and tell me why you do not understand so that I can explain it to you. If at any time you tell me something I do not understand, I will ask you to explain.

| Officer | Interviewee |
|---|---|
| Do you understand what was just read to you? | Yes |
| Do you have any questions about what was just read? | No |
| Can you understand the interpreter clearly? | Yes |
| Are you willing to answer my questions at this time? | Yes |

## Background Information

☒ Went over Biographic Information

| Officer | Interviewee |
|---|---|
| What is your full name? | ████████████ |
| Have you ever been known by any other names or | Never |

*Credible-Fear Interview*                                                    Page 2 of 7

*Exhibit 7*

Alien Number: ███████
Name: ███████
Country: El Salvador
Asylum Office: ZHN

Date: November 27, 2018
Asylum Officer: P. Lewis, ZOL 10P
Interpreter Service- Language Line : # 210861
Start: 0810 CST          Stop: 0926 CST

| | |
|---|---|
| aliases? | |
| What is your date of birth? | |
| Have you used any other dates of birth? | Never |
| Where were you born? | El Salvador |
| What country are you a citizen of? | El Salvador |
| What is your race or ethnicity, for example, do you identify as Indigenous, Latino, Hispanic, black, Mixed, white, etc.? | Latino |
| Do you have a religion; if so, what is it? | Christian |
| Do you speak any other languages besides Spanish | No |
| What was your last address in your home country? | |
| Are you married, single, living with a partner? | Married not living with mother or children<br>NAME: ███████<br>DOB: ███████<br>Citizenship: El Salvador<br>Location: ███████<br>A#: unknown |
| Do you have any children? | NAME: ███████<br>DOB: ███████<br>Citizenship: El Salvador<br>Location: ███████<br>A#:<br><br>NAME: ███████<br>DOB: ███████<br>Citizenship: El Salvador<br>Location: ███████<br>A#: |
| Do you have any family, friends, or relatives in the US with whom you would stay, if released? (Name / Address / Relationship / Telephone / Status?) | NAME: ███████<br>Relation: Friend<br>Address:<br>Phone: ███████<br>Status: USC |
| [ABC/NACARA] Did you ever apply for any legal status in the United States before, such as TPS or for a visa? | No |
| [ABC/NACARA] Have your parents ever been to the U.S.? | No |
| [ABC/NACARA] Where are your parents currently living? | ███████ |
| [ABC/NACARA] Have your parents ever applied for asylum in the US before? | No |
| When you crossed the border into the United States, were you with any family members? (Even those housed elsewhere?) | Yes with my 2 children |
| Do you want your children joined to your case | Yes I would like that, that would be the best for me |
| [Could not find presence of children in EARMS] I | Ok |

*Credible-Fear Interview*                                          Page 3 of 7

***Exhibit 7***

Alien Number: ████████
Name: ████████
Country: El Salvador
Asylum Office: ZHN

Date: November 27, 2018
Asylum Officer: P. Lewis, ZOL 10P
Interpreter Service- Language Line : # 210861
Start:  0810 CST          Stop: 0926 CST

| cannot find them in the system |
|---|

## CREDIBLE FEAR INTERVIEW - CLAIM
We are about to begin discussing the substance of your claim for asylum.

### Past Harm

| Officer | Interviewee |
|---|---|
| When did you leave El Salvador | 23 August this year *(Oct)* |
| Why did you leave | The gangs, they were asking me for rent |
| When did they last ask you for rent | When they stopped me the last time was OCT 6 |
| Of what year | This year |
| Where were you when they stopped you | They did it close to my house |
| In El Salvador | Yes |
| Earlier you told me you left El Salvador on August, 23, 2018 now you are telling me the gangs last stopped you on October 6, 2018, but October is after August, can you explain the inconsistency | On October 23, is when I left El Salvador October the 6 was when the gangs stopped me by my house and after they stopped me by my house is when I left for |
| When did you leave El Salvador | When I left El Salvador was 23 October 2018 |
| You just told me after October 23 you left for ████, can you please explain, I do not understand | They asked me for rent on October 6, the following day Oct 7 I left for my Uncles to ████ and on Oct 7 to Oct 23 I stayed there with my Uncle and on October 23 I left El Salvador and came to the United States |
| What did the gang member say to you when they asked you for rent | It was simple they said we need you to collaborate we need $300 *1,300* |
| Did they ever threaten you | Yes they actively asked me for the money they told me to think about my children |
| Did they threaten you | Yes they said if I would not give them the money that they would kill me and they would kill me children |
| Did you ever report these threats to the authorities | Yes I did |
| When did you report them | On 3 occasion, October 12, another time October 15, and I went to the republic prosecutor I don't remember if it was the 18th or the 19th |
| What did they do about the threats | Yes the 12 and 15th they did not do anything, they said they could not help me because they needed names |
| What about the public prosecutor | They said in 8 days they would assign me a prosecutor but I was not in El Salvador any more |
| So they offered to help you but you left before they could continue helping you, is that correct | Yes because what happened was, they said they were trying to look for me, they asked for me at work they asked my friends they were trying to see where I was |
| Are you afraid of the government, police, or authorities in your country?  Why? | Yes there is a problem there the gangs are infiltrated in the police and the military |
| But they said they would help you if you provided them with names, so why are you afraid of the authorities | Because they are in there and many cases with the police turns you over to them because as I said before some of them are infiltrated with the police |
| In the past, have you ever been threatened or harmed by the government, police, or | Me no, but my neighbor there was a massacre and he said the police showed him in his lower lip that he had a tattoo of the MS and he said |

*Credible Fear Interview*                                                     Page 4 of 7

***Exhibit 7***

Alien Number: ▮▮▮▮▮
Name: ▮▮▮▮▮▮▮
Country: El Salvador
Asylum Office: ZHN

Date: November 27, 2018
Asylum Officer: P. Lewis. ZOL 10P
Interpreter Service- Language Line : # 210861
Start: 0810 CST        Stop: 0926 CST

| | |
|---|---|
| authorities in your country? | they were going to control everything |
| If you return, will you be harmed by anyone who has the permission or consent of the authorities? | Yes because the police in my neighborhood, yes because as I have explained to you they are infiltrated |
| Other than the times you reported the threats have you ever had any interactions with the police or the authorities | No |
| Have you experienced any other harm in El Salvador | No, only from that |
| Have you ever been threatened and/or harmed or do you fear harm/threats on account of your religion in your country? | No |
| Have you ever been threatened and/or harmed or do you fear harm/threats on account of your race/skin color in your country? | No |
| Have you ever been threatened and/or harmed or do you fear harm/threats on account of your nationality, in your country? | No |
| Have you ever been threatened and/or harmed or do you fear harm/threats on account of your political opinion in your country? | No |
| Is there any characteristic you have or anything about you that would make people in your society want to harm you? | No |

### Future Harm

| Officer | Interviewee |
|---|---|
| What do you think will happen if you return? | I'm afraid of going back because I cannot go to another place |
| What do you think will happen if you return? | They will kill me and my children |
| Who would do this to you? | The MS |
| Why would they want to kill you | Because I offended them, for them it is an offense me leaving and not paying the rent |
| Is there any other reason | No just because of that |
| Could the authorities protect you from the people you fear? | Basically no because there is like a group called GRP but they only act if there are something big like narco trafficking or kidnapping. it has to be something very sever |
| Can you live in another part of your country and be safe? | There are safe places but due to my economic status I won't be able to go to those places |
| Do you fear anyone else? | No, only the gangs |

### Mandatory Bars: These questions I have to ask everyone who applies for asylum.

| Officer | Interviewee |
|---|---|
| Have you ever lived in any other country? | No |

*Credible-Fear Interview*                                              Page 5 of 7

### *Exhibit 7*

**Alien Number:** ▓▓▓▓
**Name:** ▓▓▓▓▓▓▓▓
**Country:** El Salvador
**Asylum Office:** ZHN

**Date:** November 27, 2018
**Asylum Officer:** P. Lewis, ZOL 10P
**Interpreter Service- Language Line : #** 210861
**Start:** 0810 CST     **Stop:** 0926 CST

| | |
|---|---|
| Lawful status may include, but is not limited to, asylum status, refugee status, permission to work, temporary and permanent residence, and citizenship. Have you ever been offered or received lawful status from a country other than your own? | No |
| Have you ever harmed anyone for any reason? Helped someone harm anyone? | No |
| Have you ever committed a crime in any country? | No |
| Have you ever been arrested or detained for any reason in any country? | No |
| Have you ever been convicted of a crime in any country? | No |
| Have you ever been a member or representative of any group that advocated or used violence to achieve their goals? Are you now a member? | No |
| Even if you didn't want to, have you ever tried to convince other people to join or give things of value to a group that advocated or used violence to achieve their goals? | No |
| Terrorist activities may include using a weapon or explosive device, hijacking, kidnapping, assassination, or committing any act with the intent to endanger the safety of others or to cause substantial damage to property. Have you done any of these things? | No |
| Have you ever provided any type of support, like food, housing, money, weapons, or transportation, to any individual or group involved in terrorist activities? | No |
| Have you ever been in the military or received any weapons training? | No |
| Do you plan to engage in any activities that would be illegal in the United States or harmful to the United States? | No |

**Please give me a moment to review my notes and summarize what we discussed.**

**REVIEW OF SUMMARY OF TESTIMONY**
☒ **APSO SUMMARIZED THE CASE TO THE APPLICANT AS REQUIRED BY SECTION 3.3, FORM I-870**

| Summary of testimony |
|---|
| You were threatened by MS gang members who said they would kill you and your children if you did not pay them rent money. The last time they threatened you was October 06, 2018, after which you left your area and moved with your Uncle ▓▓▓▓▓. You reported this harm to you the police on October, 12, 15 and one other date. They said they could not help you unless you had names. On the last date you went to the public prosecutor who said they would assign you a prosecutor in 8 days. However the threats continued so you left before a prosecutor was assigned. You fear if you return to El Salvador you will be killed by MS gang members because you did not pay them rent. |

| Officer | Interviewee |
|---|---|
| Is this summary correct? | Correct |
| Are there any changes or additions you would like to make? | Only I think I heard 7th twice, the 6th was the day I was threatened and the 7th was the day I left |
| Is there anything else that is important to your claim that we have not yet discussed? | Only that I believe |

**INTERVIEW CLOSING**

☒ Interpreter Please Read Section 3.2 (I-870) to applicant
If the Department of Homeland Security determines you have a credible fear of persecution or torture, your case will be referred to an immigration court, where you will be allowed to seek asylum or withholding of removal based on fear of persecution or withholding of removal under the Convention Against Torture. The Field Office Director in charge of this detention facility will also consider whether you may be released from detention while you are preparing for your hearing. If the asylum officer determines that you do not have a credible fear of persecution or torture, you may ask an Immigration Judge to review the decision. If you are found not to have a credible fear of persecution or torture and you do not request review, you may be removed from the United States as soon as travel arrangements can be made. Do you have any questions?

*Credible-Fear Interview*                                                                 Page 6 of 7

*Exhibit 7*

Alien Number: ▮▮▮
Name: ▮▮▮
Country: El Salvador
Asylum Office: ZHN

Date: November 27, 2018
Asylum Officer: P. Lewis, ZOL 10P
Interpreter Service- Language Line : # 210861
Start: 0810 CST    Stop: 0926 CST

| Officer | Interviewee | |
|---|---|---|
| Do you have any comments or questions? | Yes in that case what will happen with my children | |
| If your children are joined to your case they will receive whatever decision you receive, but they are not currently joined to your case because I could not find them | So I would not get to be with them | |
| No sir, unfortunately fathers cannot be sent to family residential, so they cannot be with you | Ok | |
| Do you understand what was read to you? | Yes | |
| Is there anything else that is important to your claim that we have not yet discussed? | No I told you everything | |
| Did you understand the questions that I asked? | Yes | |
| Did you understand your interpreter? | Yes | |
| Interpreter, did you understand the applicant? | Yes | |

**Thank you for speaking with me today, we are now at the end of the interview.  You can hang up the phone and let the officer know you are finished.**

**INTERVIEW CONCLUDED: 0926 CST**

**NOTES END**

*Credible-Fear Interview*                                                    Page 7 of 7

*Exhibit 7*

**<u>EXHIBIT 8</u>**

**(attached)**

*Exhibit 8*

NORMA SEPULVEDA          **DETAINED**
LAW OFFICE OF NORMA SEPULVEDA, PLLC
PO BOX 533517
HARLINGEN, TX 78553
PHONE: (956) 230-4888
FAX:  (956) 230-4739
ATTORNEY FOR RESPONDENT

**UNITED STATES DEPARTMENT OF JUSTICE**
**EXECUTIVE OFFICE FOR IMMIGRATION REVIEW**
**IMMIGRATION COURT**
**LAREDO, TEXAS**

In the Matter of:     )
          )   File No.: ███████
          )
██████████████████ )
          )
          )
Respondent,      )
          )
In Credible Fear Review Proceedings. )

**IJ:  Adams**         **Next Hearing:  CFR**
              **December 17, 2018 at 10:30AM.**

**MOTION TO VACATE**

*Exhibit 8*

## I.    INTRODUCTION

Applicant, ███████████████████████████ by and through undersigned Counsel, respectfully moves this Court to vacate the negative credible fear decision issued by the Houston Asylum Office, in accordance with INA 235(b)(1)(B)(iii)(III) and C.F.R. §1003.42(e) and the Fifth Amendment of the United States Constitution.

## II. RELEVANT FACTS/ PROCEDURAL BACKGROUND

███████ is a ███████████ native and citizen of El Salvador. ██████ entered the United States with his two minor children on or about November 2, 2018. Upon apprehension he was separated from his children despite a federal injunction in place preventing the U.S. government from separating parents from their children.

On November 27, 2018, ████████ was interviewed by the Houston Asylum office and served with a negative finding on November 30, 2018.   Upon being served with the decision, ███████ requested a review of the decision by this honorable Court. A review is required by law within seven (7) days of a requesting a review of the negative finding. However, this review is being conducted seventeen (17) days after his request.

## III.    LEGAL ARGUMENT

A. **The applicable INA regulations mandate IJ review be done within a specific time frame.**

*Exhibit 8*

This Court must provide a substantive review of an asylum officer's negative finding within seven (7) calendar days of the decision pursuant to INA 235(b)(1)(B)(iii)(III)  and 8 C.F.R. § 1003.42(e).  INA 235(b)(1)(B)(iii)(III) states:

> The Attorney General shall provide by regulation and upon the alien's request for prompt review by an immigration judge of a determination under subclause (I) that the alien does not have a credible fear of persecution.  Such review shall include an opportunity for the alien to be heard and questioned by the immigration judge, either in person or by telephone or video connection. Review shall be concluded as expeditiously as possible, to the maximum extent practicable within 24 hours, **but in no case later than 7 days after the date of the determination under subclause (I).**

INA 235(b)(1)(B)(iii)(III)(emphasis added).

The language in 8 C.F.R. § 1003.42(e) is equally unambiguous.

> The Immigration Judge **shall conclude** the review to the maximum extent practicable within 24 hours. **but in no case later than seven days after the date the supervisory asylum officer has approved the asylum officer's negative credible fear determination issued on Form I-869.**

8 C.F.R. § 1003.42(e) (emphasis added).

The word "shall" does not convey discretion.  *It is not a leeway word.* The SCOTUS has said that the term "shall" normally creates an obligation impervious to judicial discretion. *United States v. Quirante,* 486 F. 3d1273, 1275 (11th Cir. 2007) (emphasis added), quoting L*execon Inc. v. Milberg Weiss Bershad Hynes & Lerach,* 523 U.S. 26, 35 (1998). Therefore, the plain text of both INA 235(b)(1)(B)(iii)(III) and 8 C.F.R. § 1003.42(e) clearly state that the Immigration Judge must conclude review of the negative credible fear determination within seven days. The regulations clarify that the seven day period begins when the supervisory asylum officer approves the asylum officer's negative

*Exhibit 8*

decision. This plain meaning establishes a binding seven-day deadline upon which this court must conclude *de novo* review of the negative fear finding.  The seven-day deadline exists to protect the statutory right of the asylum-seekers in credible fear proceedings to prompt judicial review.

Notably, asylum seekers are subject to numerous requirements, including strict time-related requirements. *See e.g.* INA §204 (Procedure for Granting Immigrant Visas) § 208(b)(1)(B)(i) (putting burden of proof on applicant to establish refugee status).  If this vulnerable population is required to abide by these rules , so should everyone else involved in this system, including the Immigration Court.

### B. ███████ **Prolonged Detention Violates Due Process**

This Court has the authority and the burden to safeguard the procedural and due process rights of asylum-seekers in expedited removal proceedings as it is the final, if not only, access to judicial review individuals in expedited removal receive. *See Ardestani v. INS,* 502 U.S. 129, 134 (1991) (holding that procedures set forth in the Administrative Procedures At do not apply to non-adversarial deportation proceedings). The SCOTUS has held that the Constitution's Due Process Clause protects people subject to deportation, *Zadvydas v. Davis* 533 U.S. 678, 693 (2001).

The timing rule established in 8 C.F.R. § 1003.42(e) is integral to protecting the due process rights of asylum-seekers in credible fear proceedings.  If the Court decides to proceed in concluding a substantive review of this case outside the seven-day period set

*Exhibit 8*

forth in 8 C.F.R. § 1003.42(e), the Court will act with procedural impurity, violating the regulation on its face. The Court instead should ensure compliance with the statutory and regulatory framework that governs expedited removal proceedings in accordance with due process.

██████ has been denied access to judicial review within the statutory seven-day period. This in and of itself is a due process violation that this Court can and should protect. For these reasons, this Court shall vacate the negative fear finding issued by the Asylum Officer in this case.

### C. Vacature is the Proper Remedy

██████ rights to a timely review of the negative fear finding are comparable to the constitutional right to a speedy trial, U.S. Constitution Amendment VI, and other statutory rights to expedient review where comparable rights are at stake. The remedy when a defendant's right to a speedy trial is violated is dismissal with prejudice and here the remedy to an untimely judicial review should be to have the negative credible fear finding vacated.

### IV.   CONCLUSION

WHEREFORE, ██████ respectfully requests the credible fear determination be vacated because a judicial review was not conducted within the seven (7) days of the date of when the supervisory asylum officer affirmed the asylum officer's negative decision.

*Exhibit 8*

In the alternative, the decision should be vacated because a meaningful review is not possible. *"The harm that has been inflicted on this family is severe, traumatic, and ongoing. It has impacted* ███ *ability to clearly focus on his asylum claim. The harm in these situations rise to the level of vacating a negative credible fear finding."* See attached, Declaration of TCRP Lawyer, Laura Pena and related documents.

                                                    Respectfully submitted,

                                                    _____
                                                    Norma Sepulveda
                                                    Attorney for Respondent
                                                    PO Box 533517
                                                    Harlingen, Texas 78553
                                                    (956) 230-4888
                                                    (956) 230-4739

*Exhibit 8*

**UNITED STATES DEPARTMENT OF JUSTICE**
**EXECUTIVE OFFICE FOR IMMIGRATION REVIEW**
**IMMIGRATION COURT**
**LAREDO, TEXAS**

In the Matter of                     §
                                     §
████████████████████████   §   **File No.:** ████████████
                                     §
**In Credible Fear Proceedings**      §
                                     §

## ORDER OF THE IMMIGRATION JUDGE

Upon consideration of said **Respondent's MOTION TO VACATE** it is HEREBY
ORDERED that the motion be ▢GRANTED  ▢DENIED because:

▢ DHS does not oppose the motion.

▢ The respondent does not oppose the motion.

▢ A response to the motion has not been filed with the court

▢ Good cause has been established for the motion.

▢ The court agrees with the reasons stated in the opposition to the motion.

▢ The motion is untimely per_____

Deadlines:

▢ The application(s) for relief must be filed by _____.

▢ The respondent must comply with DHS biometrics instructions by_____.

_____                    _____
Date                                         Immigration Judge

_____

**CERTIFICATE OF SERVICE**
This document was served by:        [ ] Mail      [ ] Personal Service
To: [ ] Alien  [ ] Alien c/o Custodial Officer [ ] Alien's Atty/Rep [ ] DHS
Date: _____        By: Court Staff:_____

*Exhibit 8*

### DECLARATION OF LAURA PEÑA

My name is Laura Peña. I am over 18 years of age, of sound mind, and capable of making this certification. The following facts are within my personal knowledge.

1. I am a licensed attorney (Texas State Bar No. 24085758) with the Texas Civil Rights Project, a non-profit civil rights organization based in Texas. I have been practicing immigration law for five years, and am a former ICE trial attorney who practiced in Los Angeles and San Diego.

2. Since early May, the Texas Civil Rights project has been committed to assisting families who have been separated by DHS due to the "zero tolerance" enforcement of immigration laws. In that capacity, the Texas Civil Rights Project is representing ████ ████████ as a legal advocate contesting the unlawful family separation that occurred after the family entered the United States.

3. In that effort, on or about November 5, 2018, the Texas Civil Rights Project interviewed ██████ prior to his criminal prosecution hearing for illegal entry as part of our screenings for unlawful family separations. During the interview, ██████ stated that he had been separated from his ████████████████████████ He said he was afraid that his children would not be at the border patrol detention facility when he returned after the criminal hearing.

4. On November 5, the Texas Civil Rights Project notified DHS and ORR about the unlawful family separation. *See* enclosed notification letter. To date, DHS has refused to respond to the letter. However, ORR has cooperated in assisting to find the location of the children who are in a government shelter in Driscoll, Texas.

5. On November 15, I met with ██████ at the Webb County Detention Center where he is being detained by Immigration and Customs Enforcement. During that meeting, ████ shared additional details regarding the separation. He indicated that the border patrol agent who processed his fingerprints accused him of being a member of the MS-13 gang. ██████ explained to the agent that he never had been a member of a gang, never had been arrested, or convicted of any crime. He showed the agent his body which was free of tattoos. He also presented a notice from the government of El Salvador stating he has no criminal history.

6. During the November 15 meeting, ██████ was visibly upset. He told me he was very depressed about being separated from his children, and at that point he had not spoken with them and did not know of their whereabouts. He was having difficulty sleeping and eating.

7. The Texas Civil Rights Project has conducted our own investigation into the question of gang affiliation. We have confirmed that the government of El Salvador produced a document indicating he has no criminal history. We have a photo of ██████ at the beach

*Exhibit 8*

showing he has no tattoos. We have a letter from an employer indicating that he is of good moral character. It is our organization's belief that the DHS systems flagged a different individual by the name of █████████ and that the separation is due to a mistaken error in identification.

8. I met with ████ again on December 14, 2018 at the Webb County Detention Center. During that meeting, he stated that he had been able to speak with his children on three occasions since the separation nearly six weeks ago. He stated that his daughter cries a lot, and they are very difficult phone calls. He stated that he continues to feel very upset by the separation, and finds it difficult to focus on anything else. ████ cried frequently during our meeting, and exhibited signs of exhaustion and depression.

9. During the meeting, I inquired why ████ did not have his immigration attorney present during his credible fear interview. He stated that during his first interview, he told the officer he wanted his attorney present. That officer told him that he was going to schedule a second interview with his attorney present. The officer told him there was only one additional opportunity for an interview to have the attorney present.

10. Upon the commencement of the second asylum interview, ████ was of the belief that the officer had scheduled the interview with his attorney. When he realized that the officer had not contacted his attorney, he proceeded with the interview because he believed it was his last opportunity to have the interview.

11. The harm that has been inflicted on this family is severe, traumatic, and ongoing. It has impacted ████ ability to clearly focus on his asylum claim. The harm in these situations rises to the level of vacating a negative credible fear finding. In at least one prior family separation case, Immigration Judge Onyewuch vacated the asylum officer's negative credible fear finding because "meaningful review [was] not possible" given the circumstances of the family separation. *See* attached excerpt of the order.

12. It is my legal opinion that this family separation is a violation of the Executive Order prohibiting family separations during pendency of immigration proceedings. It is also a violation of the federal injunction in *Ms. L vs. ICE*, and our organization is working with the ACLU lawyers to raise this case with the government. We are also preparing an advisory to Judge Sabraw in the *Ms. L vs. ICE* litigation to advise the court of the lack of transparency in questionable family separation cases.

13. To date, DHS has not responded to the Texas Civil Rights Project request for information regarding the reason for the family separation. Nor has the agency provided this information to his immigration attorney of record, Ms. Sepulveda.

This certification is made pursuant to 28 USC § 1746. I certify under penalty of perjury that the foregoing is true and correct.

*Exhibit 8*

Executed in Brownsville, Texas, this 15th day of December, 2018.

_____

Laura Peña

*Exhibit 8*



...stigation of, or with the consent or acquiescence of, a government official or other person acting in an official capacity.

...DER:   It is hereby ordered that the decision of the immigration officer is:

[ ]   Affirmed, and the case is returned to the DHS for removal of the alien.

[ ]   Vacated.

[X]   Other _See attached decision_
      _(Nonnuhful review is not possible.)_

This is a final order.   There is no appeal available.

...E and ORDERED this _28th_ day of _June_, 2018.

_____
MORRIS I. ONYEWUCHI
Immigration Judge

*Exhibit 8*



# TEXAS
## CIVIL RIGHTS
# PROJECT

Laura Peña, Attorney
Texas Civil Rights Project
1017 W. Hackberry Avenue
Alamo, Texas 78516
Cell: 202-297-7808
email: laura@texascivilrigtsproject.org

U.S. Department of Health and Human Services
Administration for Children & Families, South Texas
Jose Gonzalez via email at jose.Gonzalez@acf.hhs.gov
Elsie Belvue via email at elsie.Bellevue@acf.hhs.gov

U.S. Customs and Border Protection
U.S. Department of Homeland Security
Lloyd Easterling via email at lloyd.m.easterling@cpb.dhs.gov
Teresa Brooks via email at teresa.m.brooks@cbp.dhs.gov

U.S. Attorney for the Southern District of Texas
McAllen, Texas via email at usatxs.atty@usdoj.gov

November 5, 2018

    The Texas Civil Rights Project (TCRP) continues to screen adult migrant defendants being charged under 8 U.S.C. ss 1325 and 1326 to identify and monitor family separations occurring as a result of the U.S. Department of Justice's "zero tolerance" policy. In that capacity, TCRP intends to send case specific communications when a parent seeks family reunification with a minor child or children following the completion of criminal proceedings.

    On November 5, 2018, TCRP interviewed ███████████████████████, who seeks immediate reunification with his minor son and daughter following the completion of his federal criminal sentence. TCRP respectfully requests that the government immediately prioritize review of this request for family reunification.

    Adult Name: ██████████████████
    COB: El Salvador
    A No: ████████
    Docket No: ██████████

    Minor Name: ██████████████████
    COB: El Salvador
    DOB: ██████████

    Minor Name: ██████████████████
    COB: El Salvador
    DOB: ██████

    We respectfully request the appropriate U.S. agencies and DHS components investigate this matter to ensure compliance with the Executive Order which requires agencies to "maintain custody of alien families during the pendency of any criminal improper entry or immigration proceedings involving their members," absent a risk to the child's welfare. *See* Executive Order, Affording Congress an Opportunity to Address Family Separation § 13(a-b), 2018 WL 3046068 (June

*Exhibit 8*



Laura Peña, Attorney
Texas Civil Rights Project
1017 W. Hackberry Avenue
Alamo, Texas 78516
Cell: 202-297-7808
email: laura@texascivilrigtsproject.org

20, 2018).   Moreover, a federal injunction prohibits the U.S. government from separating parents from their children, "absent a determination that the parent is unfit or presents a danger to their child," and further requires the government to reunite parents with their children "when the parent is returned to immigration custody after their criminal proceedings conclude."   *See Ms. L v. Immigration & Customs Enf't ("ICE")*, No. 18CV0428 DMS (MDD), 2018 WL 3129486, at *1 (S.D. Cal. June 26, 2018).

Additional information regarding the details of the family separation may be provided via telephone or in-person meeting. Please do not hesitate to reach out to us with any questions or concerns. We stand ready to assist with immediate reunification.

Respectfully,

Laura Peña
Attorney
Texas Civil Rights Project

*Exhibit 8*

## **EXHIBIT 9**

**(attached)**

*Exhibit 9*



U.S. Department of Homeland Security
P. O. Box 670626
Houston, TX  77267

**U.S. Citizenship
and Immigration
Services**

January 2, 2018

Norma Sepulveda
PO Box 533517
Harlingen, TX 78553

RE:   ████████████████████████████

Dear Counsel,

We have received your correspondence dated December 22, 2018 requesting that USCIS reconsider its negative credible fear determination for your client.  USCIS credible fear screening determinations are not subject to motions to reopen or reconsider.  Governing regulations provide that the avenue for an applicant to challenge a USCIS credible fear screening determination is to seek review of that screening determination from an immigration judge.  While USCIS can, solely in its own discretion, reconsider its screening determination where information comes to its attention that it believes warrants such action, USCIS does not believe such reconsideration is warranted in your client's case.

Sincerely,

for Robert Daum, Director
Houston Asylum Office

*Exhibit 9*