UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
MR. A.,                             )
                                    )
            Plaintiff,              )
                                    )
      v.                            )        Civil Action No. 19-0015 (PLF)
                                    )
U.S. IMMIGRATION AND CUSTOMS        )
  ENFORCEMENT, et al.,              )
                                    )
            Defendants.             )
_____)


MEMORANDUM OPINION AND ORDER

          Plaintiff, Mr. A., was forcibly separated from his children after he and his

children crossed the border together in November 2018 to pursue asylum in the United States.

Mr. A. brings this action to end his separation from his children and to seek an opportunity to

participate meaningfully in the asylum process.

          The matter is before the Court on Mr. A.'s motion [Dkt. No. 3] to proceed in this

action under a pseudonym and for an order prohibiting the parties in this action from publicly

disclosing his true name.  See Motion at 2.  He asserts that he faces "gang-related threats and

violence" in his home country, as well as a "significant risk of persecution – including possible

physical harm or death – if his identity is publicly revealed through this lawsuit."  See id.  For

the reasons set forth below, the Court will grant the motion.

          Generally, a complaint must state the names of the parties.  FED. R. CIV. P. 10(a)

("The title of the complaint must name all the parties."); Local Civil Rule 5.1(c)(1) ("The first

filing by or on behalf of a party shall have in the caption the name and full residence address of

the party," and "[f]ailure to provide the address information within 30 days [of] filing may result

in the dismissal of the case against the defendant."); Local Civil Rule 11.1.  The public's interest

in knowing the names of litigants is important because "disclosing the parties' identities furthers

openness of judicial proceedings."  See Doe v. Pub. Citizen, 749 F.3d 246, 273 (4th Cir. 2014);

see also Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 (1978) ("[T]he courts of this

country recognize a general right to inspect and copy public records and documents, including

judicial records and documents.") (footnotes omitted).

Courts may nevertheless permit a party "to proceed anonymously" when the court

determines that "the impact of the plaintiff's anonymity" outweighs "the public interest in open

proceedings" and considers the "fairness to the defendant."  Nat'l Ass'n of Waterfront Emp'rs v.

Chao, 587 F. Supp. 2d 90, 99 (D.D.C. 2008).  Courts in this Circuit have applied two different

but analogous tests when balancing these factors.  The first test consists of the six factors set

forth in United States v. Hubbard, 650 F.2d 293, 317-21 (D.C. Cir. 1980):

> (1)  the need for public access to the documents at issue; (2) the
> extent to which the public had access to the document prior to the
> sealing order; (3) the fact that a party has objected to disclosure
> and the identity of that party; (4) the strength of the property and
> privacy interests involved; (5) the possibility of prejudice to those
> opposing disclosure; and (6) the purpose for which the documents
> were introduced.

See Doe v. CFPB, No. 15-1177, 2015 WL 6317031, at *2 (D.D.C. Oct. 16, 2015).  The second

test consists of the following five-part test, drawn from Chao:

> (1) whether the justification asserted by the requesting party is
> merely to avoid the annoyance and criticism that may attend any
> litigation or is to preserve privacy in a matter of a sensitive and
> highly personal nature; (2) whether identification poses a risk of
> retaliatory physical or mental harm to the requesting party or even
> more critically, to innocent non-parties; (3) the ages of the persons
> whose privacy interests are sought to be protected; (4) whether the
> action is against a governmental or private party; and (5) the risk of

> unfairness to the opposing party from allowing an action against it
> to proceed anonymously.

Doe v. Teti, No. 15-1380, 2015 WL 6689862, at *2 (D.D.C. Oct. 19, 2015).  See also Eley v. District of Columbia, No. 16-0806, 2016 WL 6267957, at *1 (D.D.C. Oct. 25, 2016); Roe v. Bernabei & Wachtel PLLC, 85 F. Supp. 3d 89, 96 (D.D.C. 2015) (TSC); Doe v. US Dep't of State, No. 15-1971, 2015 WL 9647660, at *2 (D.D.C. Nov. 3, 2015); Doe v. Cabrera, 307 F.R.D. 1, 5 (D.D.C. 2014).

The Chao and Hubbard factors weigh the same two general concerns:  (1) the strength of the generalized property and privacy interests involved and the possibility of prejudice to those opposing disclosure, United States v. Hubbard, 650 F.2d at 320-21; and (2) whether the justification for nondisclosure is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of a sensitive and highly personal nature, Doe v. Teti, 2015 WL 6689862, at *2.  See also Doe Co. No. 1 v. CFPB, 195 F. Supp. 3d 9, 15-16 (D.D.C. 2016).[1]

Here, Mr. A. has met his burden of showing that his privacy interests outweigh the public's presumptive and substantial interest in knowing the details of litigation pending before the Court.  The public's interest in Mr. A.'s identity is de minimis compared to the significant privacy and security interests of Mr. A., the father of two young children who asserts that he "faces a significant risk of persecution – including possible physical harm or death – if his identity is publicly revealed through this lawsuit."  See Motion at 2.  Mr. A. alleges that revealing his identity "could subject him and his children to undue danger."  See id.  He asserts

---

[1]   This balancing inquiry is consistent with the D.C. Circuit's test for whether a district court should exercise its discretion to permit an exception from Rule 10(a) of the Federal Rules of Civil Procedure.  See United States v. Microsoft Corp., 56 F.3d 1448, 1464 (D.C. Cir. 1995).

that he faces "gang-related threats and violence" in his home country and fears that disclosure of his identity poses a "significant risk of harm" to both him and his children.  See id. at 4.  He contends that as asylum seekers, he and his children are "particularly vulnerable" to retaliation if their true names are revealed.  See id. at 3 (quoting Al Otro Lado, Inc. v. Nielsen, No. 17-2366, 2017 WL 6541446, at *6 (S.D. Cal. Dec. 20, 2017)).

As to the nonmoving parties' interests, allowing Mr. A. to proceed under a pseudonym will have little to no impact on any private rights, as the defendants in this case are government agencies and officers.  Mr. A.'s identity is already known to defendants based on Mr. A.'s asylum application, detention, and credible fear interview.  See Motion at 4.  Allowing him to proceed pseudonymously therefore will not compromise defendants' ability to defend this action and poses little "risk of unfairness to the opposing party."  See Nat'l Ass'n of Waterfront Emp'rs v. Chao, 587 F. Supp. at 99.  Any public interest in disclosing the identity of Mr. A. is thus significantly outweighed by the threat of injury or death posed by such disclosure.  For the foregoing reasons, Mr. A.'s significant interest in maintaining his anonymity at this early stage in the litigation is sufficient to overcome the general presumption in favor of open proceedings. See Horowitz v. Peace Corps, 428 F.3d 271, 278 (D.C. Cir. 2005); see also Mem. Op. & Order, M.M.M. v. Sessions, No. 18-1759 (D.D.C. July 27, 2018) (granting motion to proceed pseudonymously where plaintiffs were asylum seekers seeking reunification); Mem. Op. & Order, M.G.U. v. Nielsen, No. 18-1458 (D.D.C. June 21, 2018).

Accordingly, it is hereby

ORDERED that Mr. A.'s motion to proceed under pseudonym is GRANTED. This case may proceed using the pseudonym "Mr. A." for the father, "A." for the daughter, and "C." for the son; it is

FURTHER ORDERED that the instant motion and supporting exhibits, including the full name of Mr. A., shall remain under seal until further order of the Court; and it is

FURTHER ORDERED that defendants are prohibited from publicly disclosing Mr. A.'s identity or the identities of his children or any personal identifying information that could lead to the identification of Mr. A or his children by nonparties.

SO ORDERED.

_____
/s/
PAUL L. FRIEDMAN
United States District Judge

DATE:  January 3, 2019