**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| MR. A., an individual, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil No.: 19-0015(PLF) |
| § | |
| U.S. IMMIGRATION AND CUSTOMS § | |
| ENFORCEMENT, ET AL., § | |
| § | |
| Defendants. § | |

**DEFENDANTS' PROPOSED BRIEFING SCHEDULE**
**AND HEARING DATE**

Pursuant to the Court's January 3, 2019 Order, counsel for the parties conferred on several occasions, either by e-mails or phone calls, to reach an agreed upon briefing schedule and hearing date. However, despite the parties' good faith efforts to reach a compromise, the parties cannot resolve their differences. Accordingly, Defendants respectfully propose the following schedule for further litigation of this case:

**February 11, 2019**    The Government's Response to Plaintiff's Emergency Motion

**February 15, 2019**    Plaintiff's Reply

**February 19, 2019**    Hearing on Plaintiff's Emergency Motion
(or on a date
convenience to the
Court)

The grounds for Defendants' proposed schedule are set forth below:

**I.       Status of the case**

Plaintiff filed this case and its accompanying emergency motion on January 3, 2019, during the midst of a partial government shutdown.[1]  Recognizing that the federal government was not in full operation, the Court *sua sponte* issued the January 3rd Memorandum Opinion and Order, which essentially stayed all proceedings in this case. *See Jan. 3rd Mem. & Order* (ECF No. 9).  In that Order, the Court observed that Plaintiff brought "this action to end his separation from his children and to seek an opportunity to participate meaningfully in the asylum process." *See* ECF No. 9.  The Court correctly pointed out that "plaintiff received a final order of removal, although no removal date has been set at this time." *Id*.  The Court considered Plaintiff's arguments, including the "imminent harm likely to befall [him] if he is removed from the country before full briefing," and enjoined the government from removing Plaintiff at this time. *Id*. at 2. The Court then held "plaintiff's [emergency] motion in abeyance in order to preserve the status quo pending the government shutdown **and** further review of the merits of this case." *Id.*  (bold emphasis added).  The Court specifically "prohibited [the government] from removing from the United States plaintiff, Mr. A., until further order from [the] Court." *Id.* at 2.  The Court's Order did not specifically address Plaintiff's arguments and requests relating to the issues of Plaintiff's separation from his children.

---

[1]      Plaintiff's recent motion for an expedited schedule (ECF No. 22) and his counsel's correspondence to the government (Exh. A-1) raise substantially similar issues as those previously argued in the emergency motion.  Plaintiff filed this motion at 2:55AM EST today.

In addition to seeking an expedited briefing schedule, Plaintiff also moved for expedited discovery.  *See* ECF No. 22.  Under Local Civil Rule 7(b), Defendants have at least fourteen days to respond to Plaintiff's motion for expedited discovery. *See* LCvR 7(b).

## II. Defendant's Proposal Is Reasonable

At the end of the day on December 21, 2018, the appropriations act that had been funding the Department of Justice ("DOJ") expired and appropriations to the Department lapsed. The same was true for several other Executive agencies, including the U.S. Department of Homeland Security ("DHS"), a named defendant here. Absent an appropriation, Department of Justice attorneys were prohibited from working, even on a voluntary basis, except in very limited circumstances, including "emergencies involving the safety of human life or the protection of property." 31 U.S.C. § 1342.

The partial federal government shutdown ended when the President signed legislation on the evening of Friday January 25, 2019, re-opening the government. *See* Further Additional Continuing Appropriations Act, H.J. Res. 28, 1 16th Cong. (2019). Although the shutdown technically ended on Friday evening, for all practical purposes, DOJ and DHS (and other affected executive agencies) did not resume full operations until the next business day, Monday January 28, 2019.

Accordingly, undersigned government counsel was not able to meaningfully investigate the facts surrounding the allegations raised in Plaintiff's Complaint and emergency motion until Monday, January 28, 2019. Indeed, given that DHS and its various components, including ICE, CBP, and USCIS,[2] only returned to full work status this past Monday, the government needs time to continue to investigate the allegations in Plaintiff's Complaint. More importantly, it was

---

[2] The relevant DHS components in this case include: U.S. Immigration and Customs Enforcement ("ICE"); U.S. Customs and Border Protection ("CBP"); and U.S. Citizenship and Immigration Services ("USCIS").

not until Monday that the undersigned counsel was able to coordinate with counsel from the Office of Immigration Litigation ("OIL") at DOJ to discuss the merits of this case.[3]

As explained to Plaintiff's counsel, undersigned counsel held a conference call with appropriate personnel from ICE and OIL on January 31, 2019, to discuss the merits this case, including a practical schedule that would allow the agencies sufficient time to gather the necessary information to respond properly to Plaintiff's allegations. *Se*e Pl. Ext. Motion (ECF No. 19). Due to the shutdown, that call was the first meaningful discussion that undersigned counsel had with the appropriate personnel from the client agencies.

Given that the Court has prohibited the government from removing Plaintiff "until further order of this Court," Defendants respectfully submit that their proposed schedule is not unreasonable and it will not adversely affect the Court's orderly administration of this case. On the other hand, Plaintiff's proposed schedule for a February 6th deadline for the government's response and a February 11th hearing is unreasonable. *See* ECF No. 22. That would only afford the government about seven business days from when the government returned to full operations to investigate the facts in the case and prepare an appropriate response for filing with the Court.[4]

---

[3] In addition, undersigned counsel had to devote substantial time to conferring with counsel in other previously stayed cases to propose schedules to resume litigation and, thereafter, file notices with the court those other cases matters.

[4] Furthermore, as explained to Plaintiff's counsel on at least two occasions, undersigned counsel will be out of the jurisdiction on February 4 and 5, 2019. In fact, the undersigned counsel will travel outside the jurisdiction beginning late afternoon today. More importantly, OIL counsel who is assisting with this matter, including participating in any hearing, will be out of the jurisdiction on work-related travel from February 12-15, 2019. OIL counsel's participation is critical to Defendants in this case.

**III.     Conclusion**

Accordingly, Defendants respectfully request that the Court adopt Defendants' proposed schedule.

February 1, 2019                              Respectfully submitted,

                                                                       JESSIE K. LIU
                                                                       D.C. BAR # 472845
                                                                       United States Attorney

                                                                       DANIEL F. VAN HORN
                                                                       D.C. BAR # 924092
                                                                       Chief, Civil Division

By:      _____//s_____
                JOHN C. TRUONG
                D.C. BAR #465901
                Assistant United States Attorney
                555 4th Street, N.W.
                Washington, D.C. 20530
                Tel: (202) 252-2524
                Fax: (202) 252-2599
                E-mail: John.Truong@usdoj.gov
                Counsel for Defendants

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Mr. A., an individual, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil No.: 19-0015(PLF) |
| | § | |
| U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, ET AL., | § § | |
| | § | |
| Defendants. | § | |

## [PROPOSED] ORDER

Upon consideration of the parties' respective proposed briefing schedules and hearing dates and the entire record herein, it is this ____ date of _____, 2019,

**ORDERED** that Defendants' Proposed Briefing Schedule and Hearing Date shall be **ADOPTED**; and it is

**FURTHER ORDERED** that Defendants shall have up to and including February 11, 2019, to respond to Plaintiff's Emergency Motion (ECF No. 4); and Plaintiff shall have up and include February 15, 2019, to file any Replies, and it is

**FURTHER ORDERED** a hearing on Plaintiff's Emergency Motion shall be set for February 19, 2019, at ___AM/PM (or on a date and at a time convenience to the Court).

**SO ORDERED**.

_____
United States District Judge